ciently connected with the purposes of the defendant's business to render the acceptance of that invitation beneficial to the defendant, and the case is to be distinguished from that of a mere seeker of employment, who comes upon premises in furtherance of no recognized custom of the business, and whom the courts have sometimes held to be a licensee, simply. Present by invitation then, the plaintiff was entitled to the defendant's exercise of ordinary care for his safety when upon the premises; and we may hold that there was sufficient proof of negligence to justify the verdict, if accepted by the jury, under proper instructions, in that this battering ram—a heavy instrument, readily overbalanced—was left standing near this line of applicants for employment, without being secured in such a way as the jury might have found would have been suggested by reasonable prudence.

As to the actual circumstances which resulted in the placing this instrument, and as to the cause of its fall, the evidence was very meager; and any error in the instruction of the court touching the burden of proof cannot but have had a prejudicial bearing, under this condition of the evidence. This battering ram was not inherently a thing of danger; it became dangerous only when placed in such a manner that its fall might cause injury; and the insecure placing, with the consequent fall, through some agency, could not be found to have been a negligent act, without more, from the mere fact that the instrument fell. The doctrine res ipsa loquitur does not apply to such a case as this, and the mere happening of the accident could raise no presumption that there was negligence on the defendant's part. Allen v. Banks, 7 App. Div. 405, 39 N. Y. Supp. 1016; Groarke v. Laemmle, 56 App. Div. 61, 67 N. Y. Supp. 409. The defendant was entitled to an instruction to the jury to this effect, but the court refused to charge, when requested by defendant, "that the mere occurrence of this accident raises no presumption against the defendant," and an exception was duly taken. The jury may well have found that the evidence of the facts surrounding the accident did not support an inference, acceptable to them, of the defendant's negligence, and yet have rendered their verdict upon the strength of a presumption of negligence which this ruling of the court authorized them to find from the simple happening of the accident.

We conclude that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(45 Misc. 331)

## CÆSAR v. FIFTH AVE. COACH CO.

(Supreme Court, Appellate Term. November 10, 1904.)

**1. STREETS—COLLISION BETWEEN VEHICLE AND INDIVIDUAL—NEGLIGENCE—EVIDENCE.**

In an action for injuries to the conductor of a street car, who, while stepping off his car in the performance of his duties, was struck by defendant's automobile, evidence *held* sufficient to support a finding of negligence in the chauffeur, in failing to halt or deviate his course into the open space of the street.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

　　A street car conductor, whose duties require him to go from the forward end of the car to the rear, and who chooses the street as a means of so doing, has a right to rely upon the exercise of reasonable care by drivers of vehicles to avoid causing injury to persons in the street, and is not guilty of contributory negligence in failing to anticipate the omission of such care.

Appeal from City Court of New York, Trial Term.

Action by Abraham Cæsar against the Fifth Avenue Coach Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZ-GERALD, JJ.

Ralph G. Miller, for appellant.
Louis Steckler, for respondent.

BISCHOFF, J.　The action was to recover for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant's servant in the management and control of its automobile, which was caused to collide with the plaintiff, a conductor in the employ of the Metropolitan Street Railway Company, just as he had stepped off his car to the street, or was in the act of doing so. That the plaintiff met with the collision complained of, and that he sustained some degree of injury therefrom, are facts beyond the peradventure of dispute; the difference between the litigants having reference only to the manner in which the collision was brought about. The burden of the appeal is therefore that the evidence fails to show that the collision was caused solely by the negligence of the defendant's servant, and that in any event the verdict for the plaintiff is against the weight of the evidence. But to neither of these propositions do we agree.

The plaintiff's testimony that at the time of the collision his car, south bound, was standing in the westerly track on Eighth avenue, being unable to proceed because of a blocking of the track ahead of it, was corroborated by the testimony of three apparently disinterested witnesses. All these witnesses furthermore agreed that, at the time when the plaintiff stepped off the forward end of his car to the street, the defendant's automobile was proceeding in the direction of the plaintiff from 15 to 18 feet northerly, in a line about 3 feet distant from the track upon which the car was standing, with a clear space of from 12 to 15 feet between the track and the curb of the westerly sidewalk. That the automobile was proceeding at a rate of from three to five miles an hour appears substantially without dispute, and since the operator of the automobile, from his position, must have had a clear view ahead of him, and admittedly did have, the only fair inference from the fact of the collision is that he either recklessly or negligently persisted in his course. Ordinary prudence would certainly have required him either to halt, or to deviate from his course into the open space on his right, in which event the collision would have been avoided. The story of the defendant's witness Fant seems an improbable

one.  According to that, the car was not at a standstill, but was proceeding southwardly at a rate of speed exceeding that of the automobile, which was going in the same direction, yet the plaintiff was struck when alongside his car, almost the very moment when he stepped from the car to the street.  That this could be, when the lesser rate of speed of the automobile would naturally tend to increase the distance between it and the car, seems incredible.

The question of the plaintiff's contributory negligence was also properly left to the jury.  Assuming that the car was at a standstill, as the jury could very well find from the evidence, the operator of the automobile could reasonably apprehend the departure of persons from the car.  The plaintiff was at all times engaged in the performance of his duty, and this required him to go from the forward end of the car to the rear.  He chose the street as a means, looking in the direction in which his car was to proceed, as any person would ordinarily do under the same circumstances, and so did not observe the automobile.  According to the statements of his witnesses, the automobile was then from 12 to 15 feet distant to the north, and not abreast of the car, with the clear space already alluded to west of the track.  He had a right to rely upon the exercise of reasonable care of drivers of vehicles to avoid causing injury to persons in the street, and his failure to anticipate the omission of such care did not render him negligent.

The judgment and order appealed from should be affirmed, with costs.  All concur.