LAUGHLIN, J.   This is an action by a vendee under a contract for the sale of real estate to recover a payment made pursuant to the contract on account of the purchase price of the premises and the expenses incurred in the examination of the title.   The complaint proceeds upon the theory that the title was defective and does not pray for specific performance.   The plaintiffs allege that they have no adequate remedy at law, and pray judgment that they be decreed to have a vendee's lien upon the premises, and for a sale thereof to satisfy the lien.   There is no allegation that the vendees were let into possession of the premises.   The order canceling notice of pendency was granted upon the authority of Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107, wherein it was held that the vendee, not having taken possession, did not acquire a lien upon the premises for the amount of the down payment.   If there be any doubt as to the right to file the notice, the merits should not be decided on a motion to cancel it.   It cannot be said that the action is not brought to recover a judgment affecting the title, possession, use, or enjoyment of the premises against which the notice of pendency is filed, nor is it clear that the plaintiffs may not be able upon the trial to establish a lien as vendees.   See Pomeroy on Eq. Jur. vol. 3, § 1263; also Chase v. Peck, 21 N. Y. 585.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.   All concur.

---

BUSCHER v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

NEGLIGENCE—AUTOMOBILE ACCIDENT—CONTRIBUTORY NEGLIGENCE—EVIDENCE
—QUESTIONS FOR JURY.

> In an action for the death of plaintiff's intestate from being struck by an automobile operated by defendant's servant, evidence held to justify submission to the jury of the question of defendant's negligence and plaintiff's contributory negligence.

Appeal from Trial Term, New York County.

Action by Gerd Buscher, as administrator, against the New York Transportation Company.   From a judgment for defendant and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Oswald N. Jacoby, for appellant.
Ralph G. Miller, for respondent.

HATCH, J.   The action is brought to recover damages for the death of plaintiff's intestate, which it is averred was occasioned by the negligence of the defendant.   It was admitted upon the trial that the decedent, a child eight years and three months of age, was killed by being run over by an automobile operated and controlled by an employé of the defendant; that the accident happened at the corner of Fortieth street and Tenth avenue, in the city of New

York, on the 14th day of April, 1902; that the automobile was the property of the defendant; and that at the time the employé operating it was engaged in the defendant's business. At the close of the plaintiff's case the court dismissed the complaint upon the ground that there was no evidence tending to show the absence of negligence contributing to the injury upon the part of the deceased.

The evidence would have authorized the jury to find that the deceased was a bright, active boy, capable in some degree of caring for himself while on the street. The proof upon the part of the plaintiff tended. to establish that the automobile was running at a very rapid rate of speed westward on Fortieth street; that as it reached the corner of the street it turned northward into Tenth avenue without slackening its speed, and without giving any signal of its approach. Two witnesses crossed the street ahead of the automobile before the accident happened, and were obliged to hurry to get out of its way. At that time the boy was about 15 feet north of the corner of Tenth avenue, standing on the sidewalk. As the witnesses crossed the street, their backs were toward the automobile, and almost immediately they heard a scream, turned, and saw the hind wheel of the automobile passing over the boy's body, about two feet distant from the curb. We think the evidence was sufficient to justify a finding that the defendant was guilty of negligence in the operation of the automobile, and we are also of the opinion that the question was for the jury as to the contributory negligence of the deceased. A person, whether adult or infant, had the right to assume that the defendant, in the operation of the automobile, would exercise care and respect the rights of pedestrians when it had occasion to turn the corner of the street. Due care in its operation required, under such circumstances, that the vehicle should be slowed down and operated with care. At such place the operator was bound to take notice that people might be at the crossing, or entering thereon; and this obligation upon the part of the operator of the machine was one which a pedestrian would have a right to assume would be observed. Upon the proof the jury were authorized to find that the operator of this machine exercised no care whatever in turning the corner of the street where the accident happened. Under such circumstances, whether the deceased was guilty of contributory negligence, or whether his act constituted the proximate cause of the accident, was a question of fact for the jury. Costello v. Third Ave. R. Co., 161 N. Y. 317, 55 N. E. 897. In McDonald v. Met. St. Ry. Co., 80 App. Div. 233, 80 N. Y. Supp. 577, it was held by a unanimous court that:

"In the case of infants under the age of twelve years the burden of proof is upon the defendant to show the possession by such infant of sufficient mental capacity to understand, appreciate, and guard against the situation in which it is placed, and that plaintiff may rest, in respect of such question, upon the legal presumption which protects the infant from the imputation of negligence, unless it be a case where the negligence of the infant is imputable to the parent."

There is no question in this case of negligence imputable to the parent. While it is true that an infant, even of tender years, must

be held to the exercise of some care.(Adams v. Nassau Electric R. R. Co., 41 App. Div. 334, 58 N. Y. Supp. 543), yet in the case of an infant under 12. years of age, whether he be guilty of contributory negligence or not, where it does not appear that he was entirely lacking in care, becomes a question of fact for the jury, and it is error for the court to determine such question as matter of law.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

### PERSCH v. WIDEMAN.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

**1. PLEADING—DEFENSES—SCANDALOUS MATTER.**

**2. CRIMINAL CONVERSATION—ACTION—ANSWER—SCANDALOUS DEFENSES.**

**3. SAME—REDUNDANCY.**

**4. SAME—IRRELEVANT ALLEGATIONS.**

In an action for criminal conversation, an allegation of the answer alleging plaintiff's motive in bringing the suit was properly stricken as irrelevant.

**5. PLEADING—SCANDALOUS MATTER—PLEADING NOT ENTIRELY SCANDALOUS—REMEDY.**

Appeal from Special Term, New York County.