# Birmingham Railway, Light & Power Co. v. Williams.

*Action for Damages to Employe.*

(Decided Dec. 17, 1908.  48 South. 93.)

1. *Railroads; Injury to Persons on Track; Trespassers.*—The employe of a railroad walking beside the track in going to his place of work in the usual way is not a trespasser.

2. *Street Railways; Use of Streets; Duty of Railroads.*—The duty of street railways to recognize the right of persons in the lawful use of the street is imperative, and it is bound to exercise a proper degree of care and reasonable prudence and precaution as attending circumstances may require to avoid injury to such persons, although it has the right of way in case of meeting or overtaking persons on the track.

3. *Same; Contributory Negligence.*—A person using a street occupied by railroad tracks is bound to exercise ordinary care and such reasonable prudence and precaution as attending circumstances require to avoid being injured.

4. *Same; Injury to Persons on Track; Negligence.*—The duty being on the motorman to give warning of the approach of the car by

sounding the bell, or otherwise, upon seeing pedestrians on the track or dangerously near to it, his failure to do so may constitute negligence.

5. *Same; Jury Question.*—Whether the position of plaintiff on the track when seen by the motorman was obviously perilous or not, under the eivdence in this case, was a question for the jury.

6. *Same.*—A motorman may assume that a person on the track will get off, but such assumption cannot be indulged beyond the time when such person's danger is seen to be imminent.

7. *Same; Jury Question.*—The question of defendant's negligence and of plaintiff's contributory negligence, is, under the evidence in this case, one for the jury.

8. *Negligence; Wantonness.*—The conscious failure of one charged with a duty to exercise due care and diligence to prevent an injury after discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, to perform the duty, being conscious of the inevitable or probable results of such failure, is wantonness.

9. *Trial; Instructions; Argumentative and Misleading.*—A charge asserting that if plaintiff was not entitled to recover by reason of the fact, if it be a fact, that the motorman failed to discover plaintiff's danger as soon as he might have by reasonable care and in the exercise of his duty to keep a lookout, and that, on the other hand, plaintiff was entitled to recover only in the event that the motorman was negligent in failing to conserve plaintiff's safety after he actually became aware of his danger, was properly refused as argumentative, misleading and invasive of the province of the jury.

10. *Same; Invading Province of Jury.*—A charge asserting that plaintiff was negligent in allowing himself to be or remain in dangerous proximity to the car, was properly refused as invasive of the province of the jury.

11. *Same; Injury to Persons on Track.*—Where, from the evidence, the jury might have inferred wantonness on the part of the motorman, instructions pretermitting an inquiry as to wantonness were properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Jack W. Williams against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are sufficiently stated in the opinion of the court. The following charges were requested by defendant, and refused: (1) "If the jury believe the evidence, they cannot find for plaintiff under the first count in the complaint." (2) "The plaintiff is not entitled to recover by reason of the fact, if it be a fact, that the

[Birmingham Railway, Light & Power Co. v. Williams.]

motorman failed to discover the danger of the plaintiff as soon as he might have discerned his danger by the exercise of reasonable care and in the exercise of his duty to keep a lookout. On the other hand, plaintiff is entitled to recover only in the event that the motorman was guilty of negligence in failing to conserve the safety of the plaintiff after he actually became aware of his danger." (3) Affirmative charge as to the second count. (4) "The court charges the jury that plaintiff is guilty of negligence in allowing himself to be or remain in a dangerous proximity to the car which struck him." (5) "If the plaintiff was guilty of negligence which proximately contributed to his injuries in the slightest degree, he cannot recover, although the jury may believe that the defendant is guilty of negligence." (6) "The plaintiff assumed the risk of injury in walking so near the track as to be in danger of passing cars, unless the jury are satisfied reasonably, from all the evidence, that the motorman was guilty of negligence in the operation of the car after the motorman actually discovered the peril of the plaintiff." There was judgment in the sum of $500.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The court erred in refusing the general charge of appellant as to count 1.—*Mothershed v. Railroad Co.*, 97 Ala. 261; *A. G. S. v. Roach*, 110 Ala. 271; *Heffinger v. Minn. M. & M. Ry. Co.*, 45 N. W. 1131. Under the most favorable view of the appellee's testimony, he was guilty of negligence which contributed to his injury.—*Tuscaloosa W. W. Co., v. Herron*, 131 Ala. 84; *L. & N. v. Hall*, 87 Ala. 708; *Wilson v. L. & N.*, 85 Ala. 269; *Glass v. M. & C. R. R. Co.*, 94 Ala. 581; *Williams v. Cent. of Ga. Ry. Co.*, 40 South. 143; 36 S. W. 646; 66 N. W. 672; 37 South. 587; 44South. 1032; 43 South. 34; *Brockcmidt, v.*

*St. L. & M. R. R. Co.,* 12 L. R. A. (N. S.) 345. The court erred in refusing charge 2 requested by appellant.— *Schneider v. M. L. & R. Co.,* 40 South. 762; *L. & N. v. Lewis,* 37 South. 588; *Bir. R. L. & P. Co. v. Clark,* 41 South. 829; 39 Am. Rep. 639; 24 S. E. 514; Authorities supra. The court should have given the general charge as to the 2nd count.—*Bir. Ry. L. & P. Co. v. Bowers,* 110 Ala. 330.

BOWMAN, HARSH & BEDDOW, for appellee. Under the evidence it is open to the jury to find that plaintiff's position of peril and his negligence, if any, was not the proximate cause of his injury, but only the cause of a condition upon which the subsequent negligence of the motorman operated to proximately produce the injury— *Duncan v. St. L. & S. F. R. R. Co.,* 44 South. 418; *B. R. & E. Co. v. Jackson,* 136 Ala. 286; *C. of G. Ry. Co. v. Lamb,* 124 Ala. 172; *C. of G. Ry. Co. v. Foshee,* 125 Ala. 218; *B. R. L. & P. Co. v. Brantley,* 37 South. 698; *Southern Ry. Co. v. Shirley,* 128 Ala. 595; *L. & N. R. R. Co. v. Brown,* 121 Ala. 222. It was also open to the jury to find that the motorman was guilty of wantonness.—*Bir. Ry. & E. Co. v. Pickard,* 124 Ala. 372; *C. of G. Ry. Co. v. Partridge,* 136 Ala. 587; *M. & C. R. R. Co. v. Martin,* 131 Ala. 270. It follows from these considerations that the court did not err in any of the respects alleged.

DENSON, J.—The defendant's (appellant's) car line is constructed longitudinally on what is known as First avenue, a public street in the city of Birmingham. Defendant had the plaintiff, with others of its servants, employed in digging a ditch north of, and parallel with, its tracks in said avenue, between Twenty-First and Twenty-Second streets. At the noon hour of the day on which occurred the accident, the occasion of the in-

juries complained of, the plaintiff, with the other serv-
ants, went to the Twenty-second street crossing and ate
his dinner.  After eating, and while all were returning
to their work, walking beside the line of defendant's
track, one of the defendant's cars, approaching from
Twenty-Second towards Twenty-First street, ran against
the plaintiff and injured him.  Plaintiff testified, among
other things, that "we were not on the track, but on the
side of the track, where we always go down every day
to get dinner.  I was walking along there, and the car
ran up from behind and struck me.  The car did not
blow any whistle, or ring any gong, or give any warning.
There was no noise on the street by wagons or carriages,
and the car was running fast.  I could have heard it
coming; but it never made any fuss.  We did not hear
the car coming.  I had been working there at that place
four days and a half when I got hurt, and during that
time cars had been running back and forth.  The East
Lake car comes down every few minutes."  The proof
shows that plaintiff was a cripple, one of his legs being a
"peg leg," and he was walking, his back toward the car,
along by the side of the track, between it and the ditch,
and behind the other servants.

The testimony, in respect to the distance from the
rails to the ditch, variously placed same at from 3 to 5
feet, and was also in conflict as to whether plaintiff was
walking within a safe distance from the track.  That
offered by the defendant tended to show that plaintiff
was walking at a distance from the track safe from harm
until the car drew quite near, when he staggered toward
the car and within range of it; while plaintiff testified
that he never staggered, and was no nearer the track
when struck than theretofore.  The testimony for the de-
fendant tended to show that the car was going at not
exceeding 4 miles an hour; that its rate of speed was

25—8

[Birmingham Railway, Light & Power Co. v. Williams.]

"very slow;" that it was a "big" double-truck car, about 28 to 30 feet long; that the motorman noticed the plaintiff ahead of the car about two car lengths, walking between the track and the ditch, and that when the car was within 6 or 7 feet of the plaintiff the motorman commenced ringing the gong; that when thhe car was within 5 or 6 feet of plaintiff he staggered near enough to the track to be struck, and was struck on his left shoulder by the arm hold on the side of the car; that the car ran 5 or 6 feet after striking plaintiff; that the motorman had been running cars for the defendant four years; that, when he saw plaintiff getting close enough to the track to be struck by the car, he "stamped" his gong and "put on the air in emergency to stop;" that that was the only way to stop a car, "unless you reverse it," and that that was about as quick as reversing, with the rate of speed at which he was then going. On cross-examination the motorman testified, among other things: "I could have reversed the car and put on the air; but, as the fellow says, I did not have time to do it—not hardly time."

The foregoing is a substantial statement of the testimony in the case necessary, in our opinion, to a correct determination of the legal points presented by the assignment of errors. The only errors assigned relate to charges requested by the defendant and refused by the court.

The first of the refused charges is in this language: "If the jury believe the evidence they cannot find for the plaintiff under the first count of the complaint." The first count counts for recovery on simple negligence, alleged in general terms. It is argued that this charge should have been given on either or both of two theories: First, that no negligence on the part of defendant's motorman was shown; second, if negligence on the part

of the motorman was shown, yet the evidence shows that plaintiff was guilty of negligence which proximately contributed to his injury. It must be conceded that the plaintiff was not a trespasser on the track, and two reasons might be assigned as bases for this conclusion: First, "the company had not an exclusive or paramount right to the use of the part of the street occupied by its tracks, either as against other vehicles or against pedestrians (27 Am. & Eng. Ency. Law, 83) ; second, the plaintiff, as a servant of the defendant, was going to his place of work in the usual way.

The duty of the company to recognize the rights of persons in the lawful use of the streets is imperative. As the company is held to a high degree of care, to a degree commensurate with the circumstances of each particular case, so likewise the citizen is held; for he cannot recklessly place himself in the way of danger and then complain of injury. He is bound, equally with the company, to the exercise of a proper degree of care, skill, and vigilance. He has no exclusive right to any particular portion of the street, and neither has the street railway company. The car has the right of way, in case of meeting or overtaking a person on the track; but each party, in order to avoid accident, is bound to exercise ordinary care and such reasonable prudence and precaution as the attending circumstances may require. These circumstances necessarily vary, in their relation to each other, in each particular case, and the conduct of the parties must be considered in the light of their surroundings at the particular time when they were called upon to act. What might be considered ordinary care in one case might, under the circumstances of another, amount to culpable negligence. The Supreme Court of the United States, in the case of *Grand Trunk Railway Co. v. Ives,* 144 U. S. 408, 12 Sup. Ct. 679, 36

L. Ed. 485, said: "There is not fixed standard in the law by which a court is enabled to arbitrarily say in every case what conduct shall be considdered reasonable and prudent and what shall constitute ordinary care under any and all circumstances. The terms 'ordinary care,' 'reasonably prudence,' and such like terms, as applied to the conduct and affairs of men, have a relative signifi cance, and cannot be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence." On these considerations it is manifest that the evidence of negligence in each case must depend upon the circumstances peculiar to it, and which surrounded the parties at the time of the occurrence on which the controversy is based. "Where negligence does appear, there are generally some prominent facts which show a want of due regard for the safety of others, or an absence of proper care and precaution, so as to avoid the casualty, or incaution or lack of skill in the use of dangerous instrumentalities. in places obviously perilous or the doing of an act which duty had forbidden, or the omission to do one which duty had commanded to be done. If, in any case, these facts, or any one of them, appear, and in addition thereto it is shown that, in consequence thereof, injury has been inflicted upon a person who was himself in the exercise of ordinary care and reasonable prudence, and not so connected with the author of the injury as to have assumed the hazard, then it is a case of negligence authorizing a recovery of damages."

Duty requires of a motorman, upon seeing a pedestrian on the track or dangerously near to it, to give warning of the car by sounding the gong or bell, or otherwise; and failure to give such warning may constitute negligence.—27 Am, Eng. Ency. Law, 64, 65, and cases cited in note 1 to the text. We have seen that there is, in

[Birmingham Railway, Light & Power Co. v. Williams.]

this case, a tendency in the evidence to prove that the motorman discovered the plaintiff when the latter was at least 60 feet ahead of the car; and the question of the position of the plaintiff at that time—whether obviously perilous, or otherwise—was at least one for the determination of the jury. We have also seen that there is a tendency in the evidence to the effect that the motorman ran the car fast and without any warning of its approach until it was within 6 or 7 feet of plaintiff, and that plaintiff was unaware of its approach. The testimony shows that the plaintiff was a cripple, and that this might have been observed by the motorman, who was looking towards him—saw him. While it is true that a motorman may, upon seeing a person on the track, assume that he will turn aside from the dangerous position and out of the way of the car, yet the law does not accord to him the right to indulge the assumption beyond the time when the person's danger is seen to be imminent. The evidence of the motorman was that the plaintiff was walking at a safe distance from the track all the while until the approaching car reached a point within 6 or 7 feet of him, when he staggered towards the car. On the other hand, the plaintiff testified that he did not stagger towards the car; and the effect of his evidence is that he maintained the same distance from the car all the while until he was struck. So it was open to the jury to infer that plaintiff was dangerously near to the car track all along and that the motorman realized his dangerous position within time to stop the car and avoid the injury, notwithstanding plaintiff may have been at fault in remaining on the track too long. In the light of all these considerations, the court is of the opinion that it cannot be said, as matter of law, that the defendant was not guilty of negligence, nor that the plaintiff was guilty of negligence which, in a

legal sense, contributed to the result. Therefore charge 1 was properly refused.—*Grand Trunk Railroad Co. v. Ives, supra; Inland, etc., Co. v. Tolson,* 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270.

The second count of the complaint is predicated upon wanton or willful injury, and the affirmative charge, requested by defendant in proper form, in respect to this count, was refused by the court. Wantonness "is the conscious failure of one charged with a duty to exercise due care and dilligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure."—*Birmingham, etc., Co. v. Pinckard,* 124 Ala. 372, 26 South. 880. Without pursuing further the tendencies of the evidence, the court, after consideration of the evidence in its entirety, concurs with the trial court in the opinion that it was open to the jury to infer wantonness on the part of the motorman in the infliction of the injury, and consequently must hold that charge 3 was properly refused.—3 Mayf. Digest, 712, § 36.

Charge 2, refused to defendant, is argumentative, misleading, and invasive of the province of the jury.

Charge 4 is invasive of the province of the jury, and is outside of the matters set up in the pleas of contributory negligence.

Charges 5 and 6 pretermit any inquiry as to wantonness, and were therefore properly refused.

No error being shown, the judgment of the city court is affirmed.

Affirmed.

Tyson, C. J., and Dowdell and Simpson, JJ., concur.