# Jaffe *v.* Birmingham Railway, L. & P. Co.

### *Injury to Person on Track.*

(Decided April 14, 1910.   52 South. 311.)

*Railroads; Crossing Accident; Instructions.*—The action was for injury to traveler while crossing a street railway track, and the complaint counted on simple negligence and on willful, wanton or intentional injury. The court instructed the jury that if a pedestrian was negligent in crossing or attempting to cross a street railway track on a public highway, and such negligence proximately contributed even in the slightest degree to an injury received by him in being struck by a car, he cannot recover because of a failure of the motorman to keep a lookout for him, nor on account of a mere failure to sound the gong; that one walking on a street railway track must first look to see if a car is approaching, and if his view is obstructed he must look from a point, where by looking, he can see the track in such direction; that if the plaintiff stopped on the east side of the east track to permit a wagon to pass him along the street and while there, looked towards another avenue and could not see the car because his view was obstructed by the wagon, and could

not hear the car because of the wagon's noise, and after the wagon had passed him he then proceeded on to or dangerously near to the track without again looking to see if the car was coming from that direction, he was negligent, and the mortorman's mere failure to keep a lookout ahead did not constitute wantonness   Held, that the charge was correct and not objectionable as pretermitting inquiry on the issue of wantonness.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Ben Jaffe against the Birmingham Railway, Light & Power Company for injuries received by plaintiff while crossing defendant's track.   Judgment for defendant, and plaintiff appeals.   Affirmed.

The complaint contains a good many counts, some in simple negligence, and some for wanton, willful, or intentional injury.   These counts may be found, or at least some of them, set out in former report of this case in 154 Ala. 548, 45 South. 469.   The charges complained of as having been improperly given for the defendant, are as follows:   (2) "If a pedestrian is negligent in crossing or attempting to cross a street railway track on a public highway, and such negligence proximately contributes even in the slightest degree to an injury received by him by being struck by a car on such track, he cannot recover any damages on account of the mere failure of the motorman to keep a proper lookout for him, nor on account of a mere failure to sound the gong of the car."   (4) "One who walks upon a street railway track must first look to see whether a car is approaching on the track, and if his view of the track in one direction is obstructed by a wagon, he must look from a point where, by looking, he can see in that direction."   (5) "If the jury believe from the evidence in this case that plaintiff stopped on the east side of the east track to allow an ice wagon to pass him along the street, and that while there he looked towards Tenth avenue, and could not see the car because his view of

the track in that direction was obstructed by the ice wagon, and could not hear the car because of the noise made by the ice wagon, and after said wagon passed him he then proceeded onto or dangerously near the west track without looking any more to see whether a car was coming from the direction of Tenth avenue, he was guilty of negligence as a matter of law in proceeding onto or dangerously near said track without looking again to see whether the said car was approaching." (6) "The court charges the jury that the mere failure on the part of the motorman to keep a lookout ahead does not constitute wantonness."

C. B. POWELL, for appellant. The court's charge was bad because they pretermitted consideration of the counts charging willful negligence.—*Bir. R. L. & P. Co. v. Williams*, 48 South. 93.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. The court did not err in the charges given or refused. —*Bir. R. L. & P. Co. v. Oldham*, 141 Ala. 195; *C. of Ga. v. Foshee*, 125 Ala. 212; *B. R. L. & P. Co. v. Bynum*, 139 Ala. 389; *B. R. L. & P. Co. v. Bowers*, 110 Ala.

SAYRE, J.—The law of this case was fully and accurately stated to the jury by the learned trial judge. The appellant makes a sweeping complaint of the written instructions given to the jury on the request of the defendant, because, he says, they pretermit consideration of the counts for willful wrong, and cites *Birmingham Ry., L. & Power Co., v. Williams*, 158 Ala. 381, 48 South. 93. The charges which were condemned in that case for pretermitting inquiry as to wantonness, one expressly, and the other in effect, made the result of the case to turn upon questions of simple and contributory

[Weatherly v. Nashville, Chattanooga & St. Louis Railway.]

negligence; whereas the pleading and evidence raised an issue as to the wantonness of the defendant's servant in the infliction of plaintiff's injury, without consideration of which the case could not have been properly decided. Here, to the contrary, the charges complained of carefully avoided that fault. They dealt with only one phase of the case; but it was defendant's right to have the law so stated to the jury, if that phase was fairly presented and the entire case was not made to depend upon it. There was no error in the action of the trial court, and its judgment will be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.


