# Barbour *v.* Shebor.

*Personal Injury From Automobile Collision.*

(Decided January 16, 1912. Rehearing denied April 25, 1912.
58 South. 276.)

1. *Negligence; Wantonness; Complaint.*—A complaint alleging that the injuries from a collision of defendant's automobile with plaintiff were received as a proximate consequence of the wanton act of the servant or agent of defendant, while acting within the line and scope of his authority as such, is sufficient without attempting to set out the facts constituting the wanton conduct.

[Barbour v. Shebor.]

2. *Municipal Corporations; Use of Streets; Automobile Collision; Pedestrians.*—The doctrine of look and listen as applicable to railroad crossings is not applicable to pedestrians on streets for injuries by automobile collisions; the use of the streets by drivers and pedestrians being equal, each should recognize the rights of the other, and both are required to exercise ordinary care.

3. *Same; Contributory Negligence; Pleadings.*—A plea alleging that plaintiff, seeing an automobile rapidly approaching voluntarily stepped immediately in front of it (construing such words to indicate close proximity) is a good plea in answer to a count in simple negligence by a pedestrian struck by an automobile.

4. *Pleading; Demurrer; Good in Part.*—Where a plea is addressed to each and every count of the complaint it is equivalent to filing it separately to each count, and hence, if the plea was good as to one count, it was error to sustain a demurrer generally to the plea.

5. *Charge of Court; Singling Out Facts.*—A charge asserting that the mere fact, if it be a fact, that defendant's automobile was being operated at a negligent rate of speed, does not entitle plaintiff to recover, was properly refused as singling out a particular fact, and as not having regard as to whether the negligent act was the cause of plaintiff's injury.

6. *Same; Applicability to Evidence.*—Where there was evidence tending to support the count for wanton injury, a charge asserting that damages could not be awarded for the purpose of punishing defendant, was properly refused.

7. *Same.*—Charges asserting that contributory negligence would defeat recovery were properly refused where there was evidence tending to support a count for wanton injury.

(Anderson and Sayre, JJ., dissent in part.)

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Ben Shebor against W. C. Barbour for personal injury. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count B is as follows: "Plaintiff claims of the defendant the sum of $15,000 as damages, for that, whereas, heretofore, and on, to wit, the 4th day of March, 1910, the defendant was running and operating an automobile upon the streets of Birmingham, Jefferson county, Alabama, when the same ran against plaintiff, a pedestrian, who was crossing said street, and plaintiff was thereby greatly injured, bruised, and mangled. [Here follows catalogue of injuries, which are alleged

20 –177

to be permanent, and the damages resulting therefrom.] And plaintiff avers that his said injuries and damages were proximately caused by reason of, and as a direct consequence of, the wanton acts of the defendant's servant or agent while acting within the line and scope of his authority as such." The third plea sets up contributory negligence, in that plaintiff negligently attempted to cross said street without looking for said automobile, which was then and there approaching in rapid motion on said street, and was struck by said automobile and injured, although he knew automobiles were likely to pass on said street at any moment. Count A was similar in all respects to count B, except that it alleged simple negligence. According to the record, count 3 of the complaint was withdrawn. Plea 5 was a plea of contributory negligence, alleging that plaintiff well knew that automobiles passed along said street at frequent intervals at a rapid rate of speed. Nevertheless, with such knowledge, plaintiff voluntarily attempted to cross said street in front of and in dangerous proximity to an automobile, then and there approaching in dangerous proximity to him, without looking for the said car, and was struck by said car. Plea 6 was of contributory negligence, alleging that plaintiff had looked and had seen the said automobile approaching him on said street in rapid motion, and knowing that, if said automobile struck him, great bodily injury would result to him, nevertheless plaintiff, with such knowledge, and while seeing said automobile, voluntarily stepped immediately in front of said rapidly moving automobile, and was struck and injured.

The following charges were refused to the defendant: (1) "The mere fact, if it be a fact, that the defendant's automobile was being operated along Eleventh avenue

at a negligent rate of speed, does not entitle the plaintiff to recover against the defendant in this case." (4) Affirmative charge as to count B. (6) "If you believe the evidence, you cannot award the plaintiff any damages for the purpose of punishing the defendant." (7) 'If you believe, from the evidence, that plaintiff on the occasion complained of acted in a manner in which an ordinarily prudent person would not have acted under the same circumstances, and his said conduct was the proximate cause of his injuries, then you must find for the defendant." (10) "If you believe the evidence in this case, the plaintiff was guilty of negligence." (11) "The court charges you that it was the plaintiff's duty, before crossing Eleventh avenue at the intersection of Fourteenth street, to look for vehicles or automobiles on said Eleventh avenue; and the court further charges you that, if you believe from the evidence that plaintiff did see defendant's automobile approaching him on Eleventh avenue, it was his duty to use reasonable care to prevent a collision with said automobile." (12) "If you believe, from the evidence, that the defendant's automobile at the time of the accident was being operated at a greater rate of speed than that fixed by law, still the court charges you that you cannot find for the plaintiff, if you further believe from the evidence that plaintiff saw the defendant's automobile approaching him in rapid motion, and thereafter negligently went in front of same, and that his so doing was the proximate cause of the alleged injury." (13) "If you believe from the evidence that the plaintiff was guilty of the slightest negligence which proximately contributed to his alleged injuries in attempting to cross Eleventh avenue in front of defendant's automobile after seeing the same, if you believe from the evidence that he did see it coming, and while it was approaching in danger-

ous proximity to him, then your verdict must be for the defendant." (14) "If you believe from the evidence that plaintiff was negligent in crossing or attempting to cross Eleventh avenue in front of and in dangerous proximity to the defendant's said automobile, and that said negligence proximately contributed even in the slightest degree to the injury received by him by being struck by defendant's said automobile on Eleventh avenue, then the court charges you that plaintiff cannot recover any damages on account of the mere failure of the person in charge of the defendant's automobile to keep a proper lookout for plaintiff, if you believe a proper lookout was not kept, nor on account of a mere failure of the person in charge of said automobile to sound the gong of his said car, if you believe no gong was sounded."

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. The court erred in overruling the demurrers to count B.—*A. G. S. R. R. Co. v. Guest,* 144 Ala. 173; *B. R. L. & P. Co. v. Williams,* 158 Ala. 318. The court erred in sustaining demurrers to plea 3 as an answer to count A.—*B. R. & P. Co. v. Williams, supra.* On the same authority plea 3 was a good plea as to count B. The court erred in sustaining demurrers to plea 6 as an answer to counts A. and B.—*Merriweather v. Sayre M. & M. Co.,* 49 South. 916. On the same authority the court erred in sustaining demurrer to plea 5, as an answer to counts A and B. Counsel insist that count B was not for wanton or wilful injury, and did not even state a cause of action in simple negligence, and that defendant was entitled to the affirmative charge thereon. For the same reasons they insist that no damages could be awarded for the purpose of punishing the defendant. Counsel discuss oth-

[Barbour v. Shebor.]

er assignments of error relative to evidence and charges, but without further citation of authority.

BONDURANT & SMITH, for appellee.  By failing to use the word "negligently" stepped and using the word "voluntarily" stepped in plea 6, it was rendered demurrable.—*L. & N. v. Orr,* 121 Ala. 489.  Pleas must go beyond the mere averment of negligence as a conclusion, and must aver a state of facts to which the law attaches negligence.—*Lockhart v. Sloss Co.,* 51 South. 627; *B. R. L. & P. Co. v. Selhorst,* 165 Ala. 478; *B. R. L. & P. Co. v. Dickinson,* 154 Ala. 523.  The defendant had the benefit of all defenses under pleas to which the demurrers were not sustained, and hence, cannot complain.—*B. R. L. & P. Co. v. Willis,* 142 Ala. 220; *Shahan v. A. G. S.,* 115 Ala. 190.  Counsel discuss other matters assigned as error, but without further citation of authority.

SIMPSON, J.—This is an action by the appellee against the appellant for damages on account of personal injuries claimed to have been received by the plaintiff by being struck by an automobile of the defendant's on the streets of Birmingham.

The court did not err in overruling the demurrer to count B of the complaint.  The count does not attempt to set out the facts constituting wanton conduct, but in accordance with the decision of this court, merely alleges that the injuries were received as the proximate consequence of "the wanton act of defendant's servant or agent while acting within the line and scope of his authority as such."—*So. Ry. Co. v. Weatherlow,* 153 Ala. 171, 44 South. 1019; *Martin's Case,* 117 Ala. 367, 23 South. 231; *Burgess' Case,* 114 Ala. 587, 22 South. 169.  The case of *Alabama Great Southern Railroad*

*Co. v. Guest,* 144 Ala. 373, 381, 382, 39 South. 654, does not discuss the necessary allegations in the complaint as to wantonness, but deals with the evidence necessary to support such a count, which, according to the statement of the court, seems to have been in general terms, just as the present one is. The same is true with regard to the case of *Birmingham Railway, Light & Power Co. v. Williams,* 158 Ala. 381, 48 South. 93.

The third plea is an attempt to apply to injuries by automobiles on streets the "look and listen" law as applicable to railroads. There is no warrant in law for such application. A railroad acquires a right of way for the express purpose of running trains at a rapid rate of speed over the same, and travelers on the public highways, knowing this fact, are required to observe due caution in approaching the tracks. Even as to street railroads, the tracks mark the line of danger, so that the pedestrian knows just where to look and how to avoid the point of peril; but automobiles have no special privileges in the streets, more than other vehicles. They simply travel upon the streets with the same privileges and obligations as other vehicles, and the mere fact that they *can* run faster than other vehicles does not give them any *right* to run at a dangerous rate of speed, any more than the fact that one man drives a race horse gives him a right to travel the streets at a higher rate of speed than another who drives a plug. The simple rule is that drivers on the streets and pedestrians, each recognizing the rights of the other, are required to exercise reasonable care.— *Hennesey v. Taylor,* 189 Mass. 583. 76 N. E. 224, 3 L. R. A. (N. S.) 345, 4 Ann. Cas. 396, and notes; *Busher v. N. Y. Transp. Co.,* 106 App. Div. 493, 94 N. Y. Supp. 798; *Caesar v. Fifth Avenue Coach Co.,* 45 Misc. Rep. 331, 90 N. Y. Supp. 359; *Kathmeyer v. Mehl* (N. J.) 60

Atl. 40; Berry, Law of Automob. § 124, p. 113; Id., § 171, p. 166. This court, in speaking of the relative duties and liabilities of street railroads and pedestrians, says: "The duty of the company to recognize the rights of persons in the lawful use of the streets is imperative. As the company is held to a high degree of care, to a degree commensurate with the circumstances of each particular case, so likewise the citizen is held. * * * Each party, in order to avoid accident, is bound to exercise ordinary care and such reasonable prudence and precaution as the attending circumstances may require."—*Birmingham Railway, Light & Power Co. v. Williams,* 158 Ala. 387, 48 South. 96.

There was no error in sustaining the demurrer to plea 3, as an answer to count A of the complaint. For reasons already assigned, there was no error in sustaining the demurrer to plea 3 as an answer to count 3 of the complaint.

For reasons already stated, and because plea 5 has no application to the wanton counts of the complaint, there was no error in sustaining the demurrer to said plea.

While plea 6 might have been more definite, by stating how far the plaintiff was from the automobile when he stopped in front of it, yet, understanding the meaning of the words "immediately in front of it" to indicate close proximity, the plea was a good answer to count A, which was for simple negligence, and the court erred in sustaining the demurrer to said plea. For the same reason, the demurrer to plea 4 should have been overruled.

Plea 6, like others, was addressed "to each and every count of the complaint," which was the equivalent of filing a separate plea to each count of the complaint. The action of the court in sustaining the demurrer to

said plea operated as if it had sustained the several demurrers to each count of the complaint in one order, without separating them, in which case the court would be in error, unless all of the pleas were subject to the demurrer.

There was no error in the refusal to give the first charge requested by the defendant, as it was singling out a part of the evidence and requiring a charge on that fact alone, without regard to whether the negligent act caused the injury. It was calculated to mislead the jury.

There was no error in the refusal to give the fourth charge requested by the defendant. It was a question for the jury whether the driving of the auto car, at the rate at which it was moving over the streets of the city, was, under the evidence, wanton.

From what has been said as to count B, there was no error in refusing to give charge 6, requested by the defendant.

The seventh charge requested by the defendant ignored the wanton count, and was properly refused.

The tenth charge was properly refused, as it was calculated to mislead the jury on the question of contributory negligence as affecting the wanton count; also, the question of the plaintiff's negligence was, under the evidence, a matter for the jury.

For the same reason, the ignoring of the wanton count, charges 11, 12, 13, and 14 were properly refused.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded. All the Justices concur, save DOWDELL, C. J., and MCCLELLAN, J., not sitting, and ANDERSON and SAYRE, JJ., who concur, except that they think that plea 3 was good as to count A, and that the court erred in sustaining the demurrer to the same.