# Birmingham Railway, Light & Power Co. *v.* Strickland.

### *Crossing Accident.*

(Decided April 22, 1915. Rehearing denied June 3, 1915.
68 South. 911.)

1. *Street Railways; Injury to Passenger; Wanton.*—If the operator of a street car sees a pedestrian in imminent danger, and fails to do something which he might do to prevent or mitigate injury, knowing that injury will probably result from the omission, or if he runs the car at a dangerous speed, and without warning signal at a point where he knows, or ought to know that some person would probably be crossing, and will thereby be exposed to injury, and injury results to the pedestrian, the street railway company is liable for wanton injury.

2. *Same; Operation; Care Required.*—The tracks of a street car in a locality considerably removed from the business section of a city are not presumptively embedded in a street so as to be a part thereof outside of a street crossing, and, in the absence of evidence showing that fact, the operators are not required to look out for persons on the track other than at street crossings, or give warning signals of approach to those who may by chance intend to cross elsewhere than at a street crossing.

3. *Same.*—The facts examined, and it is held that the injury in this case is not wanton, although the car men gave no signal as the car passed beyond the intersecting streets, as it could not appear to them, that the omission to give signals would probably injure pedestrians, and they were not bound to anticipate that he would attempt to pass across the tracks except at the crossing.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Mrs. Florence C. Strickland, as administrator, against the Birmingham Railway, Light & Power Company, for damages for the death of her intestate, killed by a car at a street crossing. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, L. C. LEADBEATER, and E. C. HARRIS, for appellant.

HARSH & FITTS, for appellee.

SOMERVILLE, J.—The evidence shows without conflict that plaintiff's intestate, an elderly man, was killed at about 5:30 p. m., on November 26th, on First avenue near Seventy-Fourth street, in the city of Birmingham, by a collision with one of defendant's street cars which was running from East Lake into the city. The circumstances of his death, also without material dispute, are as follows: Deceased was crossing from the south to the north side of First avenue from a point near the west side of Seventy-Fourth street. The crossing at Seventy-Fourth street is in a populous neighborhood, and some one is crossing the avenue there at any and all hours of the day; but it does not appear that the car track was imbedded in or formed a part of the surface of the street. A double track runs along the avenue at that point, and a Lake-bound car with a trailer had stopped and was standing on the south-

ern track, with the front car just reaching the western side of Seventy-Fourth street, or (according to one witness) about the middle of the street. Deceased was walking rapidly, or running, and passed behind the Lakebound car. In the meantime a city-bound car approached on the northern track, and as deceased passed from behind the stationary car and onto the track, about 8 feet away, the car struck him with such force that he died in about two hours. Several witnesses who were near at hand say that they heard the car coming, but heard no warning signals as it approached and passed Seventy-Fourth street. Another witness who crossed the avenue near Seventy-Fifth street says that the gong was ringing about midway between Seventy-Fifth and Seventy-Fourth streets, but stopped there and did not ring again. The eyewitnesses are in substantial agreement as to the distance of deceased from the west line of Seventy-Fourth street at the time he was struck —one placing it at 25 feet, and the other at 10 steps.

Other than showing the mere fact of a collision under the conditions above described, and the inferences deducible therefrom, the evidence is a perfect blank as to the respective mental conditions of deceased and the car men with respect to each other's presence or propinquity at any time up to the moment of collision.

(1) The decisive question on this appeal is whether the evidence justified the submission of the case to the jury on the issue of wanton injury, as charged in the second count of the complaint. If defendant is liable under this count, it is because one of its servants on this car saw deceased in imminent danger and omitted to do something which he might have done to prevent or mitigate his injury, knowing that the injury would probably result from such omission, or else because such servant ran the car at a dangerous rate of speed, and

without warning signals, at a point where he knew, or ought to have known, that some person would probably be crossing the track, and would be thereby exposed to injury by such operation of the car.—*Anniston E. & G. Co. v. Rosen,* 159 Ala. 195, 206, 48 South. 798, 133 Am. St. Rep. 32; *Sheffield Co. v. Harris,* 183 Ala. 357, 61 South. 88; *B. R., L. & P. C. v. Drennen,* 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037.

(2) So far as the evidence shows, the street crossing at Seventy-Fourth street was clear of pedestrians and vehicles. It does not appear whether the motorman was or was not keeping a lookout ahead, but it was open to the jury to find that no signals were given as the car approached and passed beyond the intersecting street. The locality was far removed from the business section of the city, and it cannot be presumed, no evidence being offered to show it, that the car tracks there were imbedded in and formed a part of the street. Hence it does not appear that the car men were under the duty of looking out for persons on the track other than at the street crossing, nor of giving warning signals of approach to persons who might by chance intend to cross elsewhere.—*B. R., L. & P. Co. v. Jones,* 153 Ala. 157, 45 South. 177; *Glass v. M. & C. R. R. Co.,* 94 Ala. 581, 588, 10 South. 215. Obviously, the application of this principle is, on the evidence before us, fatal to plaintiff's recovery, and entitled defendant to the general affirmative charge, as requested.

(3) But, independently of this, we can discover no basis for a finding of wanton injury in accordance with the tests which govern such a finding in this state. No one was on the crossing, no one was alighting from the stationary car, and it could not have appeared to the car men that the omission of signals would probably injure deceased, unless they

either knew of his approach, or were bound to have anticipated that he would probably emerge from the obscurity of the stationary car and pass across the track in front of the moving car. The evidence does not support either of these hypotheses.

The duty owed by defendant with respect to a public crossing such as First avenue and Seventy-Fourth street, and the implication of wantonness in its injury of a traveler thereon, are measured by and founded on conditions of environment and use which warn the car men that some one will probably be using the crossing, and will probably be injured by an omission of due care and precaution. Had deceased been injured at the crossing by a car running at extraordinary or dangerous speed, without lookout or signals, the inference of wantonness would doubtless be well founded.—*L. & N. R. R. Co. v. Webb,* 97 Ala. 308, 12 South. 374. But, for want of the essential conditions noted, that inference is not warranted with respect to this injury. Habitual public use at other points may, of course, create the conditions and impose the duties and liabilities incident to crossings proper; but the place of this accident is not thus distinguished.

It is strenuously insisted by counsel for appellant that certain isolated statements appearing in the testimony of plaintiff's witness Ballard have some tendency to show that deceased was struck while crossing the avenue on the western line of Seventy-Fourth street. Standing alone, these statements would have such a tendency; but, taken in connection with his other statements, it is conclusively certain that he placed deceased at the moment of collision either ten steps or nearly two car lengths beyond the west margin of Seventy-Fourth street.

[Stith Coal Co. v. Sanford.]

It is not necessary to pass upon the other rulings assigned for error.

Let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.