(127 So. 825)

## MOBILE LIGHT & R. R. CO. v. FORCHEIMER.

### 1 Div. 593.

Supreme Court of Alabama.
April 17, 1930.

Harry T. Smith & Caffey, of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

BROWN, J.

This is an action of trespass on the case brought by the appellee against the appellant to recover damages for an injury to plaintiff's automobile, resulting from a collision with defendant's street car, while said street car was being operated on Government street in the city of Mobile.

The complaint consists of two counts, the first ascribing the injury and damage to the negligence of the defendant in general terms, and was sufficient to cover simple initial negligence as well as subsequent negligence. Mobile Light & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837; Central of Georgia Railway Co. v. Foshee, 125 Ala. 199, 27 So. 1006.

The second count ascribed the injury to wanton conduct of defendant's servants or agents while acting within the line and scope of their employment in the operation of the street car.

The defendant pleaded the general issue as to both counts, and filed special pleas of contributory negligence numbered 2, 3, and 4 as to the first count.

142

The court sustained a demurrer to special plea 2, and this ruling the appellant insists was erroneous. The plea, judging it by its weakest alternative, alleges that plaintiff was guilty of negligence which proximately contributed to his injury in this *"by the exercise of reasonable care* (plaintiff) *would have known* that the street car which struck his automobile was approaching," and "he drove his said automobile upon, or in dangerous proximity to the track on which said street car was approaching at a time when said street car was approaching in such dangerous proximity, as to make it likely that said automobile would be struck," etc. (Italics supplied.)

Contributory negligence is a special affirmative defense, and must be pleaded with particularity, and facts must be alleged sufficient in themselves to constitute negligence as a conclusion of law, or to reasonably suggest it as an inference of fact. Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Dwight Manufacturing Co. v. Holmes, 198 Ala. 590, 73 So. 933; Southern Rwy. Co. v. Shelton, 136 Ala. 191, 34 So. 194; Birmingham Railway, Light & Power Co. v. Barranco, 203 Ala. 639, 84 So. 839; Schmidt v. Mobile Light & Railroad Co., 204 Ala. 694, 87 So. 181.

The alternative averment, "or by the exercise of reasonable care would have known," is not an averment of fact, but a mere legal conclusion, not rested upon facts stated in the plea, rendering the plea subject to the objection pointed out by grounds 3A and 6 of the demurrer. Birmingham Railway, Light & Power Co. v. Gonzalez, supra.

Charges 7, 11, 12, and 13, if not otherwise bad, were faulty in using "believe" instead of the correct and appropriate words "reasonably satisfied," and were refused without error. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Hammond Motor Co. v. Acker, 219 Ala. 291, 122 So. 173.

Charge 10, refused to the defendant, relates to the issues of contributory negligence on the part of plaintiff, and whether or not it was error to refuse it is judged in the light of the issues presented by the defendant's special pleas 3 and 4 and the evidence; for though it may assert a correct proposition of law, in the abstract, its refusal was not error. Mobile County v. Linch, 198 Ala. 57, 73 So. 423; Hunt v. State, 135 Ala. 1, 33 So. 329; Shelton v. State, 144 Ala. 106, 42 So. 30.

Defendant's plea No. 3, to state its substance, avers that after plaintiff looked and saw the defendant's street car approaching from the west in an eastwardly direction on the said car track on Government street, "and, thereafter, could have seen said street car continuing its course on said track on Government Street if he had looked for it," and thereafter plaintiff proceeded to turn slowly into Government street in a southeastwardly direction, and, after traveling 50 feet in a southeastwardly direction, drove upon or so close to said south car track in front of said street car as to be struck by the aforesaid street car, without looking to see whether said street car had stopped, or was continuing its course, and if he had watched or looked for said street car "before going upon or in dangerous proximity to the track on which it was running, as aforesaid, *he could have avoided the collision by stopping said automobile before it came upon, or so close to said track as to be struck by said street car,* and the defendant avers that the plaintiff's *negligent failure so to look for the approach of said street* car, proximately contributed to the injuries and damages complained of." (Italics supplied.)

Plea 4 is in substance the same as plea 3, except it avers that plaintiff "could have avoided the collision by turning his said automobile slightly to the left before it came upon, or so close to said track as to be struck by said street car," concluding with the averment "that the plaintiff's negligent failure *so to look* for the approach of said street car proximately contributed to the injuries and damages complained of." (Italics supplied.)

It will be noted that the gist of these pleas is not the negligent failure of the plaintiff *"to keep a continuous lookout for the approaching street car"* after he had discovered its approach, but his *negligent* failure to look at all, after such discovery, and the negligence pleaded was only pertinent to be considered by the jury. Southern Rwy. Co. v. Shelton, supra; Centennial Ice Co. v. Mitchell, 215 Ala. 688, 112 So. 239. (Italics supplied.)

One phase of the evidence goes to show that plaintiff driving his automobile approached Government street on Hallett street, and stopped his car before entering Government street *on account of the heavy* automobile traffic going both east and west on Government street; that he looked and saw the street car approaching from the west, and another approaching from the east going west; that the street car approaching from the west when he started into Government street was from 250 to 300 feet west of the intersection, and, watching to avoid the automobile traffic, he drove his automobile from 4 to 5 miles per hour, to avoid other automobiles, and turned into Government street *heading to the east, and after going from 25 to 40* feet he passed onto the eastbound street car track, when the street car ran into the rear right fender and wheel of his automobile. And there was evidence tending to show that the street car approached the intersection at a high rate of speed and without signals.

The acts of the plaintiff hypothesized as negligence in refused charge 10 were different

from the negligent acts pleaded, and this charge was refused without error. Centennial Ice Co. v. Mitchell, supra.

■■ Moreover, as observed in Boyette v. Bradley et al., 211 Ala. 370, 100 So. 647, 653, "There is no iron-bound rule by which to judge a discharge of the duty of due care, other than that imposed by the particular circumstances and conditions entering therein and that should govern the acts of a reasonably prudent man under the circumstances," and, aside from the fact that the acts of negligence hypothesized in the refused charges were not pleaded, the evidence made it a question for the jury whether or not plaintiff's failure to keep a constant lookout for the approaching car was negligence under the circumstances. Birmingham Railway, Light & Power Co. v. Williams, 158 Ala. 381, 48 So. 93.

■■ The language of charge 9, refused to the defendant, is materially different from the language of charge 14 approved in Boyette v. Bradley, supra, in asserting that the motorman had the right to presume "that an apparent adult person, approaching the track in an automobile, will exercise reasonable care *in driving the automobile onto or in dangerous proximity to said track,* and he has the right to indulge this presumption until it becomes reasonably apparent to him that said person is heedless or unaware of danger"; and is rendered doubtful of meaning and at least called for explanatory instruction by the use of the language italicized. (Italics supplied.) Southern Express Co. et al. v. Roseman, 206 Ala. 681, 91 So. 612; Sovereign Camp, W. O. W. v. Gay, 217 Ala. 543, 117 So. 78.

Moreover, this presumption could not be indulged by the motorman beyond the time the danger of a collision became imminent. Birmingham R. L. & P. Co. v. Williams, supra; Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A. L. R. 1.

■ The evidence is without dispute that the street car tracks along Government street are embedded in Government street, and there was evidence going to show that the traffic on the street at the time of the alleged injury was congested; that the plaintiff approached Government street on Hallett, headed south, and, before entering Government street, stopped and looked to the east and to the west and discovered the street car, then approaching from the west from 250 to 300 feet from the intersection. He then proceeded crossing the first track on which a westbound car was approaching, and drove onto the south track and turned east toward his home; that he was driving 4 or 5 miles per hour; that the south track on which the eastbound car was approaching was 40 feet from the curb, and, while he was driving the automobile this distance, the street car

reached the intersection and ran into the rear of plaintiff's car, striking the back fender and wheel on the right-hand side. The motorman testified that he saw the automobile as it entered Government street, and continued to watch it up to the collision.

The evidence was in conflict as to the speed of the car, what, if any, signals were given, and when, and as to the distance in which the car could have been stopped. There was also evidence tending to show that when the plaintiff's automobile went upon the eastbound track the street car was within 60 feet of the automobile, and that the motorman used all the means at hand to stop the car and avoid the collision, without avail.

Under these circumstances, we are clear to the conclusion that the case was one for jury decision in all of its phases, and the affirmative charges as to the separate counts and as to the whole case were refused without error. Birmingham Railway, Light & Power Co. v. Strickland, 192 Ala. 596, 68 So. 911; Alabama Power Co. v. Brown, 205 Ala. 167, 87 So. 608.

This disposes of the assignments of error argued, and we find nothing to warrant a reversal of the judgment of the circuit court.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.