[Birmingham Railway & Electric Co. v. Pinckard.]

# Birmingham Railway & Electric Co. v. Pinckard.

### *Action for Damages for Negligent Injury.*

1. *General charge; when properly refused.*—Where under the evidence for the plaintiff there are inferences open to the jury favorable to a finding for him, the general charge requested by the defendant is properly refused.

2. *Charge; when should not be given on contributory negligence.* Where there are two counts in a complaint for negligent injury, one charging simple negligence and the other wanton or intentional injury, a charge is properly refused to the defendant which asks a verdict for the defendant if the plaintiff was guilty of contributory negligence, it not being confined to the first count, and under the second there could be no such thing as contributory negligence.

3. *Charges; properly refused on wantonness.*—Wantonness involves a failure to discharge a duty, and the failure may be either by acts of omission or commission. In the discharge of such duty an honest effort in the employment of all available means to prevent the injury is essential under the requirements of the law to acquit the party, so charged with the duty, of culpability. While wantonness may be inferred from an entire want of care, it does not follow that an entire want of care must be shown to establish wantonness. Hence, charges, on a count charging wantonness, which ask a verdict for the defendant unless the jury believe from the evidence that the defendant was guilty of an entire want of care, or had no care at all, are properly refused.

4. *Wanton misconduct; actual intent not necessary to.*—A party may be guilty of wanton or willful misconduct without having the actual intent to do the thing which causes the injury.

APPEAL from Jefferson Circuit Court.

Tried before Hon. A. A. COLEMAN.

The facts of this case are clearly set out in the opinion. The two charges, 7 and 6, mentioned in the opinion, are as follows: 7. "It is the duty of the driver, if you believe from the evidence that he was attempting to drive across the track, to stop and listen before he drove across

said track, and if you further believe from the evidence that he did not so stop, look and listen, then he was guilty of contributory negligence." 6. "You cannot find that the motorman was guilty of willful or intentional misconduct unless you believe from the evidence that the motorman actually intended that the car should run into and collide with the buggy."

WALKER, PORTER & WALKER, for appellant, cited, *Ga. Pac. R. R. Co. v. Lee,* 92 Ala. 262; *Birmingham Ry. & Elec. Co. v. Bowers,* 110 Ala. 328.

BOWMAN & HARSH, *contra,* contended that the driver was not required to stop and look.—Booth on Street Railways, § 316.

DOWDELL, J.—The damages claimed by the plaintiff, appellee here, resulted from a collision between plaintiff's horse and buggy, at the time driven by one Chapman, and defendant's street car, operated by means of electricity, on defendant's track along First Avenue, a public highway extending from the city of Birmingham to Avondale, a suburb of said city. The complaint contained two counts, the first declaring for simple negligence, and the second count for wanton or intentional wrong and injury. There was evidence on the part of the plaintiff which tended to show, that the plaintiff's horse and buggy, at the time of the accident, was being driven by one Chapman, the other occupants of the buggy being a woman, Mary Jeter, and her two children; that they were driving along First Avenue from Avondale, in the direction of the city of Birmingham, the horse going in a walk or slow trot; that the defendant's car, propelled by electricity, was approaching from behind the buggy, and moving in the same direction along said avenue toward the city, and at a rate of speed estimated at from fifteen to twenty-five miles an hour; that at the place of the collision, the avenue for the use of vehicles was very narrow, not affording sufficient room for the passage of two vehicles without throwing one within a few inches of defendant's tracks, and that at this point, the driver of plaintiff's buggy was forced up

against or near defendant's tracks by a passing carriage or barouche; that at this place the defendant operated a double line of tracks, and a passing car on the south tracks going in an opposite direction frightened plaintiff's horse which, to a degree rendered him unmanageable; that while the driver was endeavoring to pull the horse from the tracks, a car approaching from the rear on the north line of tracks next to the traveled part of said avenue, and at the rate of speed above mentioned, was about a block or a block and a half away, with nothing to obstruct the view; that the woman Mary Jeter hallowed to the motorman of the approaching car and made signs to him by throwing up her hands, but that no effort was made by the motorman to stop or reduce the speed of the car until after the collision, which resulted in the injury complained of. There was a material conflict between this evidence and that offered by the defendant; the evidence of the defendant tending to show freedom from fault on the part of its agent or employé, and contributory negligence on the part of the driver of plaintiff's buggy.

We have made the above statement to show, that the inferences that were open to the jury under the evidence introduced by the plaintiff, rendered the giving of the affirmative charges requested by the defendant improper under either count of the complaint, and the action of the trial court in refusing the same was free from error.

The 7th charge requested by the defendant and refused by the court, was not limited to the first count which charged simple negligence. If the defendant was guilty under the second count which charged wanton or intentional wrong, then there was an absence of negligence and there could be no such thing as contributory negligence. Contributory negligence presupposes negligence. The charge under the second count was clearly bad, and as it was not confined to the first count, was properly refused.

Wantonness, as has been defined by this court, "is the conscious failure by one charged with a duty, to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being con-

scious of the inevitable or probable results of such failure.''—*Birmingham R'y & Elec. Co. v. Bowers,* 110 Ala. 331, and cases there cited of *Ga. Pac. R. R. Co. v. Lee,* 92 Ala. 272; *L. & N. R. R. Co. v. Webb,* 97 Ala. 308; *Highland Ave. & Belt R. R. Co. v. Sampson,* 91 Ala. 560; *K. C. M. & B. R. R. Co. v. Crocker,* 95 Ala. 412; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160. And it is immaterial whether the failure to discharge the duty in the exercise of care and diligence springs from an act of commission or omission. In the discharge of such duty, an honest effort in the employment of all available means to prevent the injury is essential under the requirements of the law to acquit the party, so charged with the duty, of culpability. A partial employment of available means, evincing some degree of care, is not sufficient. While wantonness may be inferred from an entire want of care, it does not follow that an entire want of care must be shown to establish wantonness. It is manifest that if an entire want of care is necessary to stamp one's misconduct with wantonness, then it must follow, that the exercise of any degree of care, no matter how slight, although with the consciousness at the time that a failure to exercise additional care in the employment of additional available means may result in injury, will excuse culpability. To such a doctrine we cannot assent. In this respect charges 8, 9, and 10 were faulty and were properly refused.

The motorman could have been guilty of willful or intentional misconduct without having the actual intent to collide with plaintiff's buggy. The willful failure to apply the brakes to check the speed of the car or to stop the car after discovering the peril coupled with indifference as to consequences might have been willful misconduct, and yet the motorman might not have had the actual intent to collide with the buggy. The proposition contained in charge No. 6 is opposed to this view and we think was properly refused.

We find no error in the record and the judgment of the court is affirmed.