# Louisville & Nashville Railroad Co. *v.* Goss.

*Action against Railroad Company by Employe to recover Damages for personal injuries.*

1. *Railroad company; when fireman in charge or control of engine.*—While a fireman on a locomotive engine, under his ordinary duties as such in his relation to the engineer when the latter is present, cannot be said to be in charge or control of an engine, within the meaning of subdivision 5 of the Employers' Liability Act, (Code, § 1749), yet he may be said to be so in charge or control of an engine, although the engineer be personally present, where, under the particular circumstances in the operation and movement of the engine, his duties as fireman require him to do what is necessary to its proper and safe operation; but only to that extent.

2. *Same; same; case at bar.*—Where, after a locomotive engine on a railroad has stopped, the engineer goes under the engine to make some needed repairs, and while under the engine he directs the fireman, who was standing near him, to get back on the engine and move the reverse lever backwards in order to facilitate the making of the repairs, and in obedience to such order the fireman got upon the engine, and while attempting to carry out the engineer's instructions, the latter was injured, the fireman, while so attempting to carry out the instructions given him, is not in charge or control of the engine within the meaning of subdivision 5 of the Employers' Liability Act (Code, § 1749), so as to render the railroad company liable for his negligence.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, Peter F. Goss, against the Louisville & Nashville Railroad Company. The complaint contained two counts, in each of which the plaintiff claimed $25,000.00 damages. The injuries sustained by the plaintiff were that his arm

was amputated at the right elbow and he was otherwise injured and suffered great physical pain, etc. The facts are sufficiently set out in the opinion.

Among the charges requested by the defendant, to the refusal to give each of which the. defendant separately excepted, was the general affirmative charge in its behalf.

There were verdict and judgment for plaintiff assessing his damages at $5,000.00. Defendant appeals and assigns as error the several rulings of the lower court to which exceptions were reserved.

J. M. FALKNER, WALKER, TILLMAN, CAMPBELL & WALKER and W. I. GRUBB, for appellant.—A critical examination of the record shows that the fireman, while the engineer was under the engine, had the functions only of a. watchman. He was not in charge or control of it for the purpose of operating it, because he had no right to move or handle it or the machinery of it. His ordinary duties as fireman gave him the right to keep up the fire in the fire box and water in the boiler. His duty also was to keep others off the engine and from moving it. Like other watchmen in cases of emergency, as when there was a breakage in machinery or mishap of like kind, it was his duty by virtue of the emergency to do what he could to prevent accidents and for this purpose to handle the machinery, but this was no part of his ordinary duties as fireman when so left in control, but arose out of the emergency altogether and cannot, therefore, be looked to as changing the character of his charge of control.—*Dantzler v. DeBardeleben*, 101 Ala. 318.

Whatever general charge or control the fireman may have had of the engine while the engineer was under it and whether this general charge or control was the statutory charge or control or not, it is clear that in order to make the defendant responsible for any particular act of the fireman, as being that of a person in charge or control within the meaning of the statute, the particular act relied on must have been done by

the fireman by virtue of such general charge and control.—*R. & D. R. R. Co. v. Jones,* 92 Ala. 218; *Brown v. L. & N. R. R. Co.,* 111 Ala. 289; *Caron v. B. & W. R. R. Co.,* 42 N. E. Rep. 112; S. C. 164 Mass.; *Donahue v. Old Colony R. R. Co.,* 26 N. E. Rep. 868.

BOWMAN, HARSH & BEDDOW, *contra.*—The fireman under the evidence in this case was in "charge" of the engine, so that obeying the instructions of the engineer he had absolute charge or control of the engine.—*Brown Admr. v. L. & N. R. R.* 111 Ala. 291; *R. & D. R. R. v. Jones,* 92 Ala. 227; *L. & R. R. R. v. Thornton,* 117 Ala. 281; *Dacey v. Old Colony Ry.,* 153 Mass. 112.

DOWDELL, J.—This is a suit by the appellee, Peter Goss, to recover damages for personal injuries received by him while in the employment of the appellant Railroad Company, as a locomotive engineer. The complaint contained two counts, but the case was tried alone upon the first count, which charged that the injury complained of was caused by the negligence of the defendant's fireman and alleging that the fireman was a person in charge or control of the engine at the time the injury was inflicted. The plaintiff's right of action is based on subdivision 5 of section 1749 of the Code, known as the Employer's Liability statute, and the principal question here presented for our determination, is, whether under the evidence in the case, the fireman was a person in charge or control of the locomotive within the contemplation and meaning of the statute.

It has been decided by this court that under certain circumstances the fireman of an engine may be in charge or control of it within the meaning of the statute, as in the case of *Brown, Admr. v. L. & N. R. R. Co.,* 111 Ala. 275; where the duties of the fireman required him to keep a lookout in the switching of cars, and to repeat to the engineer signals given to him, and to notify the engineer of the perilous position in which at any time the switchman might be placed, in his re-

21c

lation to the switchman under the peculiar facts constituted the fireman a person in charge or control of the locomotive. And to the same effect is the case of R. & D. R. R. Co. v. Jones, 92 Ala. 218. The principle deducible from these cases, is, that a fireman may be said to be in charge or control of an an engine, within the meaning of subdivision 5, although the engineer be personally present on it, where under the particular circumstances, in its operation and movement, his duties as fireman require him to do that, which is necessary to its proper and safe operation, and only to that extent. In such a case, the negligent performance of the required duty, or the negligent failure to perform, resulting in injury to a fellow employe, would fix upon the master a liability, provided, that with reference to the act producing the injury, the person guilty of the negligence occupied the position of one in charge or control of the machinery. The mere negligent performance of a duty by one in the service or employment of the master or employer from which injury results to a co-employe, disconnected from the idea of being in the charge or control of the "signal, points, locomotive, engine," etc., etc., is not sufficient within the meaning of the statute to impose liability upon the master or employer.

A fireman on a locomotive under his ordinary or general duties as such, in his relation to the engineer, while the latter is present and in charge of the engine, can not be said to be a person who has the charge or control. On the contrary, the engineer is the person in charge or control of the engine, and the fireman is subordinate in his position and relation.

The facts show that the plaintiff received his injury while under the engine for the purpose of packing a hot fire box. The engine with the train it was drawing had stopped at a watering station, and while the fireman was engaged in the performance of his duty of replenishing the water supply in the engine's tank, the plaintiff went under the engine to repack the hot fire box. The necessary supply of water having been obtained, the fireman got down upon the ground by the

engine, and close to where the plaintiff was, who was at the time under the engine. The plaintiff directed the fireman to get back on the engine and move the reverse lever backwards, in order to raise the links so that he, the plaintiff, could get at the fire box to pack the same. In obedience to this order the fireman got upon the locomotive, and in attempting to carry out the instructions to him, the plaintiff was injured. The evidence is in conflict as to the instructions given by the plaintiff. The plaintiff testifying that he directed fireman to move the reverse lever back three feet, which had no tendency whatever to move the locomotive, while the fireman testified that he understood the order to him to move the engine back three feet, and which he did. This conflict, however, we think is immaterial as bearing upon the question as to who was the person in charge or control of the locomotive, for whether the plaintiff's evidence or the fireman's be true, it is manifest that the fireman was acting under the direction and order of his superior, the engineer.

As to the duties of the fireman, the plaintiff testified as follows: "His duties gave him the right in my absence to stay in charge or control of the engine and to perform any act that became necessary while he was in charge. The steam cock might have been knocked off in the cab. It would then have been his duty to have notified me about it, or to have seen that he did not allow the engine to start off—to see that no one else would start it, and to see that he didn't do it without my orders. He was in charge of the engine as it stood. He had not the right to move her or to allow any one else to move her. It was part of his duty to watch the engine and to keep intruders off. He had no right to move the engine without my instructions or those of the persons in charge and there was no one else in charge but myself. * * * * * At the time of the accident I was under the engine, and the fireman in two feet of me and under these circumstances the conductor has no right to tell the fireman to move the engine.

Appellant's witness, C. B. Gifford, testified: "When the engineer is away from the engine and the engine

is standing still, the only duty the fireman has about the engine is to see the fire is kept up in the engine and see that nobody interferes with anything about the engine and to look after everything and see that nothing is disturbed. When the engine is standing still the fireman is simply a watchman of it.

The facts without conflict show that the fireman was in the engine cab in obedience to the command of the plaintiff, and there to carry out the orders of the latter while he was under the engine for the purpose of packing the hot box. The fact that the engineer was under the engine while the fireman was in the cab did not change their relations, one to the other, as to authority and control. In point of superiority, the engineer was as much present and in charge and control of the locomotive as if he had been on his seat in the cab directing the fireman in the performance of some act. It is not in the power of the engineer as long as he is present, by any act of his, to change the relationship between himself and the fireman, as to superior authority in the management and control of the locomotive, so as to fix a libility on the master for the negligent conduct of the fireman. The statement of the engineer that the fireman was in charge of the locomotive at the time of the accident, can be regarded as nothing but the opinion of the witness, and the statement of an erroneous conclusion on the undisputed facts in the case. The court erred in refusing the general charge requested by the defendant, and the judgment will be reversed and the cause remanded.

Reversed and remanded.