# Alabama Great Southern R. R. Co. *v.* Smith.

## *Crossing Accident.*

(Decided June 13, 1912.   59 South. 464.)

1. *Railroads; Persons on Track; Contributory Negligence.*—Where the action was for death and plaintiff relied on subsequent negligence, a plea that deceased while in dangerous proximity to defendant's railroad track in front of a moving train, negligently remained on or in dangerous proximity thereto until struck, knowing that to do so, would probably result in injury, was insufficient as a plea of subsequent contributory negligence as it failed to allege that deceased was aware of the approach of the train; the allegation that he knew that injury would probably result being equally true as to his initial contributory negligence.

2. *Same; Instructions.*—Where there was evidence of subsequent contributory negligence on the part of the person struck, a charge asserting that if defendant's engineer, after discovering deceased on the track or dangerously near thereto, negligently failed to use every means available to warn the deceased of the approaching train, and if such negligence proximately caused or contributed to his death, a verdict for plaintiff would be justified, although deceased was a trespasser, was erroneous in that it ignored the issue of subsequent contributory negligence.

3. *Same.*—Charges asserting that if defendant's engineer saw deceased walking towards the track, and after he reached a point near the track he turned along the side of the track, his failure to stop before reaching the track, or to step aside after reaching it, at any particular time, was not of itself sufficient to impress the engineer with the fact that he could not or would not stop or get away from the track before the engine reached him, that if the engineer saw deceased walking on the track or alongside of the track, his failure to stop or get off the track at any particular time was not of itself sufficient to impress the engineer with that fact, were properly refused as argumentative. .

4. *Same.*—A charge that if a decedent was deaf, it was his duty to use his other senses with greater care before going upon, walking on, or dangerously near the track, related to initial and not subsequent contributory negligence, and was properly refused.

5. *Same.*—A charge asserting that if the jury believed all the evidence, those in charge of the train had a right to presume that de-

ceased could see and hear the train approaching, was invasive of the province of the jury.

6. *Same.*—A charge asserting that if deceased could not hear the whistle defendant was not liable for the failure of the engineer to blow it, in the absence of evidence that deceased could not hear the whistle, was properly refused.

7. *Same.*—A charge asserting that if after discovering deceased in dangerous proximity to the track those in charge of the train failed to use every means in their power known to skillful engineers to stop or check the speed of the train, and negligently failed to blow the whistle or ring the bell, and if these measures, if employed, would have resulted either in stopping the train, or warning deceased of its approach, and prevented his death, notwithstanding the negligence of deceased in going on or dangerously near to the track, ignored the issue of subsequent contributory negligence, and was erroneously given.

8. *Appeal and Error; Harmless Error; Instructions.*—It is not reversible error to give a charge stating a general proposition of law correctly, for if misleading, it could have been corrected by a counter charge which should have been requested by the opposing party.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Action by William M. Smith, as administrator, against the Alabama Great Southern Railroad Company for damages for the death of his intestate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plea 13, after amendment, was as follows: "That the injury and death of plaintiff's intestate would not have occurred but for the negligence of the said intestate himself, which proximately contributed thereto, which said proximate contributory negligence consisted in this: That, being on or in dangerous proximity to the track of the defendant, in front of a moving train or locomotive thereon, he negligently remained on said track or in dangerous proximity thereto until he was struck by an engine or said train, when he knew that to do so would likely or probably result in injury to him, and when he knew that said moving train was approaching and was in dangerous proximity to him."

The following charges were given at the instance of the plaintiff: (6) "If the jury are reasonably satisfied from the evidence that if, after having discovered plaintiff's intestate in dangerous proximity to the defendant's track, the defendant's agent or agents in charge of the train negligently failed to use every means in their power known to skillful engineers to stop or check the speed of the train, and negligently failed to blow the whistle or ring the bell; and if the jury are further reasonably satisfied from the evidence that if the defendant's said agent or agents in charge of said train had, after discovering the peril of plaintiff's intestate, used every means in their power to stop the train, and had blown the whistle and rung the bell, these measures would have resulted in either stopping the train or informing plaintiff's intestate of the approaching train, and that both or either of these precautionary measures would have resulted in avoiding striking and killing plaintiff's intestate, then the jury should find for the plaintiff, notwithstanding the fact, if it should be a fact, that plaintiff's intestate was guilty of negligence in going on or in dangerous proximity to the track." (10) "The court charges the jury that if they are reasonably satisfied from the evidence that the engineer negligently failed to use every means at his hands, such as ringing the bell and blowing the whistle, to warn plaintiff's intestate of the approaching train, after he discovered intestate on the track, or in dangerous proximity thereto, if they are reasonably satisfied from the evidence that the engineer did discover said intestate so situated, and the jury are reasonably satisfied from the evidence that such negligent failure proximately caused or contributed to intestate's death, then the jury would be justified in finding a verdict for the plaintiff, although they are reasonably sat-

isfied from the evidence that the intestate was a trespasser on defendant's track, if by the exercise of such means as the engineer had at hand, such as ringing the bell and blowing the whistle and using all means known to skillful engineers, he could have warned intestate of his danger in time for him to have extricated himself from his perilous situation, or could have slackened the speed of the train so that intestate could have gotten off the track in safety, and defendant's agents failed to do so."

The following charges were refused the defendant: (7) "The court charges you that if you believe from all the evidence in this case that the engineer of defendant discovered plaintiff's intestate walking towards the track, and that after he reached a point near the track said intestate turned along the side of the track and continued to walk along the side of the track, the failure of the said intestate to stop before reaching the track, or to step aside from the same, after reaching the said track, at any particular time, was not of itself sufficient to impress the engineer with the fact that plaintiff's intestate could not, or would not, stop or get out from the side of the track before the engine reached him." (43) "The court charges the jury that if you believe from all the evidence in this case that the engineer of the defendant discovered plaintiff's intestate walking on the track, or along the side of the track of the defendant, a failure of said intestate to stop or get off the track at any particular time was not of itself sufficient to impress the engineer with the fact that plaintiff's intestate could not or would not stop or get off the track without colliding with the engine." (26) "The court charges you that, if the plaintiff's intestate was deaf, it was his duty nevertheless to use his other senses with greater care before going upon or in dan-

gerous proximity to the track of the defendant, or before walking along or in dangerous proximity thereto."
(32) "The court charges you that, if you believe all the evidence in this case, the trainmen of the defendant had a right to presume that plaintiff's intestate could see and hear the train approaching." A. "If you should be reasonably satisfied from the evidence in this case that plaintiff's intestate could not hear the whistle blown, then there cannot be a verdict for the plaintiff on account of any failure by the engineer to blow the whistle, if you believe there was a failure to blow the whistle."

A. G. & E. D. SMITH, for appellant. Pleas 3, 5, 7, 9, 11 and 13 contain a sufficient statement of fact showing contributory negligence and were not demurrable. —*Osborn v. Ala. S. & W. Co.*, 33 South. 687; *Pace v. L. & N.*, 166 Ala. 519; *Brown v. S. L. & S. F. R. R. Co.*, 55 South. 107; *Turner v. L. & N.*, 50 South. 124; *New C. C. & C. Co. v. Kilgore*, 50 South. 204; *A. G. S. v. Roach*, 110 Ala. 266. An injured person guilty of contributory negligence even in the slightest degree cannot recover.—*B. R. L. & P. Co. v. Fox*, 56 South. 1013; *Bir. Co. v. Bynum*, 139 Ala. 390; *So. Ry. v. Arnold*, 114 Ala. 183; *Holland v. T. C. I.*, 91 Ala. 444. Subsequent negligence is simple negligence to which contributory negligence subsequent is pleadable.—*L. & N. R. R. Co. v. Brown*, 26 South. 609; *A. G. S. v. Burgess*, 22 South. 913; *Foshee's Case*, 125 Ala. 199; *Johnson v. B. R. L. & P. Co.*, 43 South. 33; *L. & N. v. Young*, 45 South. 238. The doctrine of comparative negligence does not obtain in Alabama.—*B. R. L. & P. Co. v. Fox, supra; Bir. Co. v. Bynum, supra; Tanner's Case*, 60 Ala. 621. Where both parties are negligent co-operating proximately to produce injury, the courts will not attempt

to decide whose was the greater fault.—*Tuscaloosa W. W. Co. v. Herren,* 131 Ala. 84; *A. G. S. v. Ritchie,* 99 Ala. 346. Plea 13 comes strictly up to the requirements.—*Brown v. S. L. & S. F., supra; B. R. L. & P. v. Bush,* 56 South. 731; *So. Ry. v. Crawford,* 164 Ala. 182. Counts 2 and 3 show plaintiff to have been a trespasser to whom no duty was owing save not to wantonly or willfully injure him, and not to injure him through negligence after actual discovery of his presence in danger.—*L. & N. v. Calvert,* 55 South. 813. The whole doctrine of contributory negligence comes from the old English case of *Butterfield v. Forrester,* 11 East. 60, and our doctrine of subsequent negligence is derivative of the case of *Davies v. Mann,* 10 M. & M. 546, the doctrines of which are clearly stated in the case of *Kirtly v. C. M. & S. P. R. R. Co.,* 65 Fed. 386. Where a person goes upon the track, and one or more of his faculties are impaired, he must exercise the others with greater diligence.—*Frazer's Case,* 81 Ala. 185; 13 C. C. A. 364; 67 C. C. A. 337; 75 C. C. A. 205. The court erred in giving charge 10 requested by plaintiff.—*So. Ry. v. Bush,* 122 Ala. 470; *So. Ry. v. Shelton,* 136 Ala. 191. The engineer had a right to presume that intestate would get off the track until the latter manifested a contrary intention, or until some circumstances indicated that he would not.—*Merlin's Case,* 53 South. 805; *Glass' Case,* 94 Ala. 581; *Brown v. S. L. & S. F., supra; L. & N. v. Calvert, supra.* The court erred in refusing charges 7 and 43 requested by defendant.—*Blackmon's Case, supra;* 76 Pac. 719. Charge 26 should have been given, as should charge 32.—*Frazer's Case, supra.* Counsel discuss other charges refused, but without further citation of authority.

OLIVER, VERNER & RICE, for appellee. Under the evidence this case falls clearly within the last clear chance

or subsequent negligence doctrine in the case of *A. G. S. v. McWhorter*, 156 Ala. 269, and numerous cases since. Under this authority and that of *Stewart's Case*, 153 Ala. 137, there was no error in the action of the court on the pleading.—*So. Ry. v. Shelton*, 136 Ala. 191; *B. R. L. & P. Co. v. Murphy*, 56 South. 819; *C. of Ga. v. Blackmon*, 169 Ala. 310. In any event, issues were made by pleas raising the identical issue sought to be raised by the pleas to which demurrers were sustained, and hence, any error was without injury.— *Laughram v. Brewer*, 113 Ala. 509. Counsel discuss the charges and insist that in the light of the authorities above cited, the court's actions on the same were without error.

SIMPSON, J.—The complaint is for damages on account of the death of the plaintiff's (appellee's) intestate, Alonzo Smith, from being struck by a train of defendant's cars within the corporate limits of Tuscaloosa.

The counts of the complaint which went to the jury were all for subsequent negligence, except one which was for wantonness. Plea 13, in reply to the counts for subsequent negligence, alleged "that, being on or in dangerous proximity to the track of the defendant, in front of a moving train or locomotive thereon, he negligently remained on said track or in dangerous proximity thereto until he was struck by said engine or locomotive, when he knew that to do so would likely or probably result in injury to him." The court sustained a demurrer to said plea, and it was afterward amended; but the insistence of the appellant is that the court erred in sustaining said demurrer to said plea 13. It may be admitted that, in the opinion of the writer, there is much force in the argument and authorities produced

by the appellant to the effect that one who, being orig-inally guilty of contributory negligence, necessarily con-tinues to be so negligent, so long as he remains in the position of peril, but our own court has spoken, with no uncertain sound, on this subject, and has said : "In order, however, for him (plaintiff) to be guilty of sub-sequent or concurrent negligence, he must have been conscious of his peril at that particular time." Also, that "it would doubtless be true, in the case at bar, that if the intestate remained on the track after becoming conscious of the immediate approach of the train, and could have gotten out of the way, but failed to do so, he would have been guilty of negligence subsequent to or concurrent with the subsequent negligence of the de-fendat's servants. * * * But if, for any reason, the intestate did not know of the immediate approach of the train, he was not therefore conscious of imminent peril, and would not be guilty of negligence subsequent to, or concurrent with the negligence of the defendant's servants."—A. G. S. R. Co. v. McWhorter, 156 Ala. 269, 277, 278, 47 South. 84, 87. And in another case this court said : "In order to make a good plea, it must be shown that the contributory negligence relied on was the negligent act or omission of the injured party with a knowledge of the then present and impending peril." —Southern Railway Co. v. Stewart, 153 Ala. 133, 45 South. 51, 52. The facts that in the McWhorter Case the plaintiff was probably asleep, and in the Stewart Case he was drunk and down, do not affect the principle, but rather emphasize it; the clear meaning of those cases being that, if the plaintiff was in such a condition or position that he could not be conscious of the partic-ular peril then pending, he could not be guilty of con-tributory negligence. Said plea 13 does not allege or show that the plaintiff's intestate was aware of the then

impending peril, to wit, the approach of the moving train. The allegation that he knew that if he remained there it "would likely or probably result in injury to him" was equally true as to his initial contributory negligence. There was no error in sustaining the demurrer to said plea 13. We have treated of the assignment on the sustaining of the demurrer to this plea first, because it more nearly approaches a correct plea than either of the others, and, from what has been said, it results that there was no error in sustaining demurrers to the other pleas. What was said in the case of *Brown v. St. L. & S. F. R. Co.,* 171 Ala. 310, 55 South. 108, does not militate against what we have here said. Plea 3, in that case, alleged "that after finding himself in a place of danger upon said trestle, and in danger of being run over by said approaching train, he nevertheless negligently ran along said trestle and on said track, in the direction of the approaching engine," etc., showing that the plaintiff was fully conscious of the impending peril.

The court erred in giving charge 10, at the request of the plaintiff. The pleading and evidence presented, for the consideration of the jury, the question of contributory negligence and the charge ignores that issue, if it is not otherwise faulty.—*Ala. Steel & Wire Co. v. Thompson,* 166 Ala. 634, 638, 50 South. 93; *Frierson v. Frazier,* 142 Ala. 233, 236, 37 South. 825.

Charges 7 and 43, requested by the defendant, are argumentative, and were properly refused.

Charge 26 was properly refused, because it relates to initial, and not to subsequent, contributory negligence.

Charge 32, requested by the defendant, was invasive of the province of the jury, and properly refused.

Charge A, requested by the defendant, was abstract, and properly refused, as there was no evidence tending

to show that the intestate could not have heard the whistle.

The court erred in giving charge 6, at the request of the plaintiff, as it ignored the issue of subsequent contributory negligence, presented by the pleading and the evidence.

Charge 8, while it states a general proposition of law correctly, was misleading; but that could have been corrected by a countercharge in this case. Consequently, the court cannot be placed in error for giving it.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.