(107 So. 716)

## CENTRAL OF GEORGIA RY. CO. v. PRUDEN. (4 Div. 132.)

(Court of Appeals of Alabama.    March 16, 1926.)

**1. Railroads ☞338, 339(2)—Plea of contributory negligence in failing to stop, look, and listen before going on track, held no answer to count charging subsequent negligence and wantonness.**

In action for damages to automobile sustained in collision with train, plea of contributory negligence alleging that plaintiff failed to stop, look, and listen before going on defendant's tracks, *held* no answer to count charging subsequent negligence on the part of defendant's employees, nor to a count charging wantonness.

**2. Appeal and error ☞273(5).**

General exceptions to oral charge will not be considered.

**3. Negligence ☞11—"Wantonness" is conscious failure to exercise care to prevent injury after discovery of peril.**

"Wantonness" is the conscious failure of one charged with the duty to exercise due care and diligence to prevent injury after discovery of the peril, or under circumstances where he is charged with the knowledge of such peril and conscious of the inevitable or probable results of such failure.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wantonness.]

**4. Railroads ☞339(1)—Instruction that to be willfully negligent railroad need not have intended injury, but must have shown willingness to do thing which would probably cause injury, held proper.**

Instruction, in action for damages to automobile sustained in collision with train, that defendant, to be guilty of willful negligence, need not have intended injury, but that it must have shown a reckless disregard of human life and a willingness to do that which would probably cause injury, *held* proper.

**5. Railroads ☞339(1)—Instruction that railroad would be guilty of wanton and willful injury, if it willfully and intentionally crossed street at speed not consistent with public safety, held proper.**

In an action for damages to automobile sustained in collision with train, instruction that railroad would be guilty of inflicting wanton or willful injury on plaintiff's property, if, with disregard for public safety, it willfully and intentionally ran its trains across street at a greater rate of speed than was consistent with public safety, knowing it to be frequented with passengers and people and vehicles of all kinds, *held* proper.

**6. Railroads ☞327(1)—Those using street crossing tracks must stop, look, and listen to acquit themselves of contributory negligence.**

In crossing streets in thickly populated towns and cities, where crossing the tracks is frequent by pedestrians and vehicles, railroad still has right of way, and those using street must stop, look, and listen in order to acquit themselves of contributory negligence.

**7. Railroads ☞338—Railroad must use right of way over street crossing with care to prevent injury after discovery of peril.**

While a railroad has right of way over street crossings in cities and towns, it must use this right of way with due care and diligence to prevent injury after discovery of peril, or where circumstances charge it with knowledge of peril.

**8. Trial ☞240, 253(4)—Instruction requiring plaintiff to continue to stop, look, and listen, held erroneous as argumentative and ignoring counts for subsequent and wanton negligence.**

In an action for damages to automobile sustained in train collision, a requested instruction requiring plaintiff to continue to stop, look, and listen, *held* properly refused as argumentative and ignoring counts claiming for subsequent and wanton negligence.

**9. Railroads ☞327(1)—Person approaching crossing with reasonable care is not required to continue to stop, look and to listen.**

When a person exercising reasonable care and prudence approaches a railroad crossing, he is not required to continue to stop, look, and listen, but may proceed on his way giving attention to the proper management of his vehicle.

**10. Railroads ☞350(33, 34).**

General charge *held* properly refused, where evidence was in conflict as to subsequent negligence and wanton injury to automobile in collision with train.

**11. Trial ☞260(8).**

Requested charges as to plaintiff's duty to stop, look, and listen as applied to law of contributory negligence, covered by oral charge, were properly refused.

**12. Railroads ☞351(23)—Requested instruction that, to warrant recovery on wanton counts, railroad employees must actually have seen automobile, held properly refused; question being whether servants should have seen plaintiff.**

In action for damages to automobile sustained in collision with train, requested instruction jury should find for defendant railroad, unless employees of railroad actually saw automobile in time to have prevented the accident, *held* properly refused, inasmuch as it was not necessary to recover on counts of wantonness that defendant's agent or servant should actually have seen plaintiff; question being rather whether he should have seen him under the circumstances.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action for damages by E. R. Pruden against the Central of Georgia Railway Com-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pany. From a judgment for plaintiff, defendant appeals. Affirmed.

Charges 1 and 12, refused to defendant, are as follows:

No. 1: "The court charges the jury that it was not only the duty of the plaintiff to stop, look, and listen, but it was his duty to keep this up. It would not be a compliance with the law if at some ill-advised place, or at some place where he could not probably hear an approaching train, or stop and to look and to listen, and then not to repeat this caution again. It was his duty to make this a continuous act on his part until he got to that point where he was reasonably satisfied, as an ordinarily prudent man would have been, that there was no danger of an approaching train. He must not only stop, but he must listen and look; he must not only listen, but he must stop and look; he must not only look, but he must stop and listen."

No. 12: "Unless the jury believe from the evidence that the employees of the railroad actually saw the automobile in time to have prevented the accident by the use of all powers known to skillful engineers, you must find a verdict in favor of the defendant."

G. L. Comer & Son, of Eufaula, for appellant.

The court erred in its oral charge. E. T. V. & G. R. Co. v. King, 2 So. 152, 81 Ala. 177; M. L. & R. Co. v. Harold, 101 So. 163, 20 Ala. App. 125; Mobile L. & R. Co. v. Gadik, 100 So. 837, 211 Ala. 582. Defendant's requested charge 1 should have been given. C. of G. v. Barnett, 44 So. 392, 151 Ala. 407; A. C. L. R. Co. v. Jones, 80 So. 44, 202 Ala. 222; Hines v. Cooper, 88 So. 133, 205 Ala. 70; L. & N. R. Co. v. Rush, 94 So. 577, 208 Ala. 516; Lessman v. West, 101 So. 515, 20 Ala. App. 289. Defendant was entitled to a new trial, and motion for same was erroneously overruled. Code 1923, § 9518 (6); Sou. Ry. v. Carolina, etc., Co., 55 So. 134, 171 Ala. 427; N., C. & St. L. v. Crosby, 70 So. 7, 194 Ala. 338.

Chauncey Sparks, of Eufaula, for appellee.

The question of willful or wanton negligence was properly submitted to the jury. Birmingham Sou. v. Harrison, 82 So. 534, 203 Ala. 284; M. & C. R. Co. v. Martin, 30 So. 827, 131 Ala. 269; L. & N. R. Co. v. Webb, 12 So. 374, 97 Ala. 308; A. G. S. v. Guest, 39 So. 654, 144 Ala. 373; Weatherly v. N., C. & St. L. Ry., 51 So. 959, 166 Ala. 575; Miles v. Hines, 87 So. 837, 205 Ala. 83. Contributory negligence is not a defense to a count for subsequent negligence. Clinton M. Co. v. Bradford, 76 So. 74, 200 Ala. 308; Sou. Ry. v. Lime Cola Bottling Co., 98 So. 1, 210 Ala. 336.

SAMFORD, J. The plaintiff's case is stated in six counts.

Counts 1 and 2 charge simple negligence in the operation of a train of cars propelled by a locomotive on defendant's railroad.

Count 3 charges subsequent negligence after the defendant's employees in charge of its train of cars became aware of plaintiff's danger or perilous position in approaching defendant's track upon which was being propelled a train of defendant's cars.

Counts 4, 5, and 6 charge that with a knowledge of the danger in which plaintiff's automobile was, nevertheless, the defendant's employees so wantonly and recklessly or intentionally ran said train of cars as that it injured plaintiff's automobile.

To this complaint was filed two pleas; the first being the general issue; the second was a plea of contributory negligence on the part of plaintiff's agent, who was driving the automobile damaged in the collision, in that he failed to stop, look, and listen before going on defendant's track at such place so that he could have a clear view up and down and along defendant's track.

These pleas were filed to the complaint as a whole and separately as to each count thereof, to which plaintiff interposed demurrers. The demurrers were sustained as to the plea in so far as it applied to counts of the complaint charging wantonness and subsequent negligence. Issue being joined on the pleadings, after rulings of the court on demurrer, there was judgment for the plaintiff, a motion for a new trial by the defendant, judgment overruling the motion, and appeal taken to this court, assigning as error the various rulings of the trial court on the pleadings, certain excerpts from the court's oral charge and written charges refused to the defendant, all of which will be noted and discussed in so far as such rulings affect the substantial rights of the defendant.

[1] The plea of contributory negligence alleging that plaintiff failed to stop, look, and listen before going onto defendant's track, is no answer to a count charging subsequent negligence on the part of defendant's employees, nor to a count charging wantonness. Memphis, etc., R. Co. v. Martin, 30 So. 827, 131 Ala. 269; Taxicab, etc., Car Co. v. Cabaniss, 63 So. 774, 9 Ala. App. 549; Brown v. Alabama, etc., R. Co., 67 So. 702, 191 Ala. 500; Blalack v. Blacksher, 66 So. 863, 11 Ala. App. 545.

[2] The court in his oral charge instructed the jury:

"The railroad, to be guilty of having inflicted willful negligence, may not have intended to hurt him, but it must have shown that reckless disregard for human life and public safety and the willingness to do that thing from which injury would probably have resulted and the injury must have resulted from it."

And:

"To be guilty of willful negligence, the railroad need not have intended specifically to injure this man, but it must have shown a willingness to do that particular thing, the probable and reasonable consequence of which would be to cause injury."

And:

"It could not, with ruthless disregard for public safety, run its trains across that place at a higher rate of speed than is consistent with public safety, and, if it intentionally and willfully crosses that street knowing that it is frequented by passengers and is in frequent use by people in vehicles of all kinds, then, if it willfully and intentionally crosses it at a reckless rate of speed, such a rate of speed as is not consistent with public safety, it may be found guilty of having inflicted the wanton or willful injury upon plaintiff's property, and the measure of damages will be such a sum as in your judgment (you) think from the facts," etc.

The foregoing excerpts were properly excepted to. The other exceptions to the court's oral charge lack definiteness, and will not be considered.

[3-7] Wantonness is defined to be the conscious failure of one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril and being conscious of the inevitable or probable result of such failure. The several excerpts from the court's oral charge above quoted are not in conflict with this rule. In crossing streets in thickly populated towns and cities where crossing the tracks is frequent by pedestrians and vehicles, including the modern means of rapid transit by automobile, the railroad still has the right of way, and those using the street must still stop, look, and listen, in order to acquit themselves of contributory negligence, but the railroad must not use this right of way in such way and manner as to show a reckless disregard of human life or of the property rights of others, but must use it with due care and diligence to prevent injury, after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable result of such failure. Birmingham, etc., v. Pinckard, 26 So. 880, 124 Ala. 372; Birmingham Ry. L. & P. Co. v. Williams, 48 So. 93, 158 Ala. 381. Without entering into a detailed discussion of the evidence, after a consideration of the entire evidence including the physical facts and surrounding circumstances, the court is of the opinion that there was sufficient evidence to justify the trial court in submitting both the question of subsequent negligence and of wantonness to the jury. That being the case, the excerpts to which exceptions were reserved are free from error.

[8, 9] Refused charge 1, in addition to being an argument, requires the plaintiff to continue to "stop, look, and listen." There is no such rule known to us. When a person, exercising reasonable care and prudence, approaches a railroad crossing, stops and looks and listens, by which action he ascertains that the way is open for safe passage, he is not required to continue to stop and to look and to listen, but may proceed on his way giving attention to the management of his own vehicle. Moreover, this charge ignores the counts claiming for subsequent and wanton negligence. Boyette v. Bradley, 100 So. 647, 211 Ala. 370; Mobile L. & R. Co. v. Gadik, 100 So. 837, 211 Ala. 582.

Refused charges 2, 3, 5, 6, 7, 9, 10, 11, and 13 requested by plaintiff came under the influence of Mobile L. & Ry. Co. v. Gadik, supra, and for the reasons stated in that opinion were properly refused.

What has been said above regarding refused charge 1 is applicable to refused charge 8.

[10] Refused charge No. 4 is the general charge, and, as the evidence was in conflict as to the subsequent negligence and wanton counts, the charge was properly refused.

[11] Besides what we have said with regard to refused charges 2, 3, 5, 6, 7, 9, 10, 11, and 13, the court in his oral charge fully covered the duties required of plaintiff to stop, look, and listen, as that rule applies to the law of contributory negligence, and the charges refused were in substance what had already been given in charge to the jury in his oral charge.

[12] Refused charge 12 does not state the correct rule. It is not necessary to a recovery on the wanton counts that the defendant's agent or servant should have actually seen plaintiff. Should he have seen him under all the circumstances? That is the question, and this was omitted from the charge.

We are not prepared to say that the verdict was contrary to the great weight of the evidence.

We find no error in the record, and the judgment is affirmed.

Affirmed.