**KINNEY BROS. v. JOHNSON.** (6 Div. 766.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Granted Dec. 14, 1926.)

1. Chattel mortgages ⊗⟶174(1).

In action to recover property or damages for its conversion, where there was ample evidence to support verdict for defendant, refusal of general affirmative charge for plaintiffs was not error.

2. Appeal and error ⊗⟶1056(1) — Excluding answer of witness that mortgage was taken as additional security for certain indebtedness, if error, held not cause for reversal.

In action by mortgagee to recover property or damages for its conversion, defended on ground that it was taken on prior mortgage, excluding answer to question to effect that certain mortgage was taken as additional security for indebtedness, if error, *held* not cause for reversal.

On Rehearing.

3. Trial ⊗⟶191(5)—Instruction assuming validity of mortgage under which defendant claimed property converted held error.

In action by mortgagee to recover mortgaged property, or damages for conversion, defended on ground that defendant took under prior mortgage, .instruction that, if jury was reasonably satisfied that mortgagor told plaintiff that defendant had first mortgage, to find for defendant, *held* erroneous, as assuming validity of such mortgage.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by Kinney Bros. against George T. Johnson. From a judgment for defendant, plaintiffs appeal. Reversed and remanded on rehearing.

The charge given for defendant and made the basis of the first assignment of error is as follows:

"If you .are reasonably satisfied from the evidence in this case that Speegle told Kinney at the time he gave the mortgage to Kinney that Johnson had a first mortgage on the property involved in this suit, your verdict should be for the defendant."

Brown & Bland, of Cullman, for appellants.

The charge made the basis of assignment 1 was erroneously given. Smith v. E. T. Davenport & Co., 12 Ala. App. 459, 68 So. 545. The court erred in excluding the statement of the witness Verdie Kinney; this was a collective fact. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479; Cunningham Hdw. Co. v. Louisville & N. R. Co., 209 Ala. 327, 96 So. 358; Commonwealth Life Ins. Co. v.

Reilly, 208 Ala. 313, 94 So. 294; Fulton Bag & Cotton Mills v. Leder Oil Co., 207 Ala. 350, 92 So. 613.

F. E. St. John, of Cullman, for appellee.

The bill of exceptions was changed after it was signed, and must be stricken. Holloway v. Henderson Co., 194 Ala. 181, 69 So. 821; Briggs v. Tennessee Coal, Iron & R. Co., 175 Ala. 130, 57 So. 882; Leeth v. Kornman, Sawyer & Co., 2 Ala. App. 311, 56 So. 757.

RICE, J. The motion to strike the bill of exceptions is overruled. The correction made by the trial judge in same, assuming that it was made, was not outside his prerogative. Holloway et al. v. Henderson Lumber Co., 194 Ala. 181, 69 So. 821.

This was a suit by appellants against appellee seeking to recover certain personal property, or damages for the conversion thereof. The property in question was originally owned by one Speegle, and appellants claimed title by virtue of a certain mortgage executed by Speegle to them in March, 1920. Appellee, who took the property from Speegle, sought to justify his action by a mortgage from Speegle to him under date of January 24, 1920. Appellee also claimed that appellants' mortgage above mentioned had been paid before suit was brought.

The issues seem to have been clearly outlined to the jury.

[1] There was ample evidence to support the verdict in favor of appellee. Hence it was not error to refuse. the general affirmative charge requested by appellants.

The charge made the basis of appellants' assignment of error No. 1 seems to us to state the law correctly, and its giving was not error.

[2] While the witness Verdie Kinney might, it seems, have been properly allowed to state that the mortgage taken in 1921 was taken as additional security for the 1920 indebtedness, though we do not decide that she might, yet it is so clearly apparent from a reading of the whole record that granting the motion to exclude her answer, to this effect, to the question put to her, done in the perfunctory way disclosed, worked no hurt to the appellants; that we would not predicate reversible error upon the trial court's action in doing so.

We have examined the other assignments of error, but do not deem it necessary to discuss them in detail.

It appears easily that appellants and appellee had their respective contentions fairly put before a jury under correct legal instructions. The loser merely lost.

There appears no prejudicial error, and judgment is affirmed.

Affirmed.

## On Rehearing.

[3] Upon reconsideration we are of the opinion that the trial court was in error in giving at the request of appellee written charge which we have numbered A, and the giving of which is the basis of appellant's assignment of error No. 1. Smith v Davenport, 12 Ala. App. 456, 68 So. 545. The charge assumes that the Johnson mortgage was a valid one, and we cannot find in the record any evidence that the mortgagor, Speegle, at the time of the execution of it, had a present interest in the lands upon which the crops, the subject of the mortgage, were to be grown. But, even if there were such evidence, it would seem that the charge would be invasive of the province of the jury.

For the error in giving this charge, the application for rehearing is granted, the order of affirmance set aside, the judgment reversed, and the cause remanded.

Application for rehearing granted.

Reversed and remanded.