(114 So. 21)

**LOUISVILLE & N. R. CO. v. RUSH.**
(1 Div. 729.)

Court of Appeals of Alabama.   Aug. 2, 1927.

Rehearing Denied Oct. 4, 1927.

Outlaw, Kilborn & Smith, of Mobile, for appellee.

Smiths, Young & Johnston, of Mobile, for appellant.

SAMFORD, J. The complaint was in two counts. The first alleged simple negligence on the part of servants, agents, or employees of defendant in the operation or management of its locomotive engine, and the second charged wantonness.

■ As to the first count it is conceded that the plaintiff was herself guilty of contributory negligence which proximately contributed to her injury, in that she failed to observe the law to "stop, look, and listen" before driving her automobile onto defendant's track. This precludes a recovery by reason of the initial negligence of defendant. Central of Georgia Railway v. Pruden, 21 Ala. App. 281, 107 So. 716.

■ Under our decisions, however, the plaintiff may have a recovery under the first count for and on account of the subsequent negligence of defendant's servants, agents, or employees if the facts in the case should warrant it. And, if the charge of subsequent negligence is sustained, the original and continued contributory negligence of plaintiff is no answer to that feature of the complaint, unless it further appears that plaintiff continued in her negligence which proximately contributed to her injury, after becoming conscious of her danger. Central of Ga. Ry. v. Pruden, 21 Ala. App. 281, 107 So. 716; A. G. S. Ry. Co. v. McWhorter, 156 Ala. 269, 47 So. 84; A. G. S. Ry. Co. v. Smith, 178 Ala. 613–620, 59 So. 464.

■ As to the first count, the initial negligence of defendant's servants in the operation of its locomotive and the initial contributory negligence of plaintiff may be eliminated from further consideration, so far as count 1 is concerned. The negligence now considered as a basis for recovery under count 1 is the negligence, if any, of defendant's agents, "upon discovery of peril," which proximately contributed to plaintiff's injury. It would make no difference how negligent were the servants of defendant in the operation of the locomotive if such negligence did not proximately cause the injury complained of.

■■ It is claimed by defendant (a) that "the defendant's employees on the engine had a right to assume that the automobile would stop before reaching the point of danger, until the contrary appeared." The defendant's locomotive was approaching the crossing at 20 or 25 miles an hour, making no noise, save the clanking of the machinery; no puffing; no ringing of the bell; no blowing of the whistle. Defendant's employee was sitting in the fireman's seat looking out while the fireman was engaged about his fire. This employee saw plaintiff approaching the track in an automobile, going at about the same speed of the locomotive, at a time when the locomotive was 350 feet from the crossing. The automobile continued to approach without slowing up. There was nothing to indicate that plaintiff saw her peril. Under these facts it was for the jury to say whether it was the duty of defendant's employees operating the locomotive to have sounded an alarm to warn plaintiff of her danger, or made other effort to avoid the accident upon seeing her approach a danger zone, without apparent heed of the peril into which she was going. Under conditions like these presented here, employees in control of massive machinery being driven at 25 miles per hour across a popular public crossing, where pedestrians and vehicles are liable to be at any time, seeing the approach of an automobile driving towards danger and death at the rate of 20 or 25 miles per hour, must be on the alert, and must promptly use all the means known to persons of skill in their position to avoid accident. Mobile L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837. The cases of Sprinkle v. St. L. & S. F. R. Co., 215 Ala. 191, 110 So. 137, and Hurt v. So. Ry. Co., 205 Ala. 179, 87 So. 533, are not in point.

■ (b) It is further insisted by defendant:

"There was no proof that the brakeman, who it is claimed was guilty of subsequent negligence, was in charge or control of the locomotive."

The defendant's brakeman was on the engine. He was in the fireman's seat. According to his testimony, he was ringing the bell and keeping a lookout. To this extent at least he was aiding in the operation of the locomotive. In L. & N. R. R. v. Goss, 137 Ala. 319, 34 So. 1007, it was said:

"Under certain circumstances the fireman of an engine may be in charge or control of it within the meaning of the statute."

In that case the duty to repeat signals to the engineman constituted such control. In L. & N. R. R. v. Richardson, 100 Ala. 232, 14 So. 209, the above rule was recognized, but it was held that, in the absence of evidence of joint control, two could not be in control at the same time. In R. & D. R. R. v. Jones, 92 Ala. 218, 9 So. 276, it was held that evidence tending to show a duty to receive signals and transmit them to the engineman was sufficient to show a joint control. In

Brown, Adm'r, v. L. & N. Ry. Co., 111 Ala. 275, 19 So. 1001, it was held:

"If it be shown to be the duty of the fireman to receive signals from a switchman and transmit them to the engineer, if, in short, he is under a duty to keep a lookout for the purpose of acquainting the engineer with the situation, that the engine may be handled accordingly—he may be said to be, for that purpose, a person in charge of the engine, in that he is discharging a duty which primarily rests on the engineer."

▪ From all of the decision it is to be concluded that, in a case of this character, the engineman and the fireman are in joint management and control of the operation of a locomotive, and there are cases which extend this joint control to other employees of a railroad, such as a conductor or switchman or brakeman, in giving signals for the handling of the locomotive. When it is shown that one of defendant's brakemen is on an engine, sitting in the fireman's seat, ringing the bell, and keeping a lookout at a point where it is the duty of defendant to exercise unusual care and prudence, it may be assumed by the jury, in the absence of evidence to the contrary, that such brakeman was an employee of the company, acting in the line and scope of his authority, to give signals to the engineman of an approach of danger either to the locomotive or to others.

▪ (c) Under this head in appellant's brief it is insisted there was no proof of wantonness. There was evidence that the locomotive of defendant approached a populous crossing at a high rate of speed, without signals of any kind, and without the usual noises incident to the operation of a steam locomotive on a railroad track; that the steam had been shut off and the engine was coasting; that the lookout on the engine saw plaintiff rapidly approaching the crossing in an automobile; that, when first seen, the locomotive was 350 feet from the crossing, and plaintiff was about the same distance; that both were traveling at the same speed; that plaintiff gave no indication of stopping, or of being aware of danger; that no alarm was sounded by the locomotive. Under these facts the question of wantonness was for the jury. Payne, etc., v. Roy, 206 Ala. 432, 90 So. 605; M. L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Ill. Central Ry. v. Martin, 213 Ala. 617, 105 So. 805; So. Ry. v. Jones, 21 Ala. App. 547, 109 So. 894; C. of Ga. Ry. v. Pruden, 21 Ala. App. 281, 107 So. 716.

▪ Charges 1 and 2, given at the request of plaintiff in writing, were erroneous, in that each of said charges, when standing alone, and independent of other instructions, assumed as a fact proven that the defendant was guilty of subsequent negligence, when this was one of the most seriously contested and controverted issues in the case, and upon which the evidence was in sharp conflict. In fact, to establish this fact, the plaintiff re-

lied almost, if not entirely, upon inferences and presumptions. Kinney v. Johnson, 21 Ala. App. 609, 110 So. 561; City National Bank v. Nelson, 214 Ala. 297, 107 So. 849. The case of Tingle v. Worthington, 215 Ala. 126, 110 So. 143, is really not in conflict with the authorities cited above. That case merely holds that under the facts as there stated and upon the whole record, rule 45 of the Supreme Court should be applied. That is the question now confronting this court. The giving of the two charges was error. Was the error without injury, and does it appear so from a consideration of the whole record? The trial was hotly contested, involving initial negligence, subsequent negligence, wanton negligence on the part of defendant, and contributory negligence, as applied to simple negligence and subsequent negligence on the part of plaintiff. Conclusions to be reached by the jury resting largely in inferences and presumptions, under instruction from the court, the court's oral charge, covering every phase of the case, but of necessity drawing many distinctions, is hard for the lay mind to comprehend. After this charge orally given, the jury is given two charges in writing, to be taken into the jury room with them, and there read and considered by them, which, as to one of the main issues involved, assumes that issue as settled in favor of plaintiff. Clearly the oral charge did not correct the error. It is insisted by appellee that these two charges were requested, in relation to a part of the court's oral charge, but, if this was so, there is nothing in the charges to indicate it. Nor can we say that other written charges given at the request of defendant had the effect of curing the error. We recognize the wisdom and necessity for Supreme Court rule 45, but that rule should be applied with great care, lest it result in a denial of justice according to the forms of law.

An excerpt from the oral charge of the court is as follows:

"And in a case of this sort it is the duty, if by so doing, after the knowledge of the peril of the plaintiff, the defendant by giving a warning or by either stopping or slacking the speed of the engine could have avoided the injury, it would have been the duty of the agent or servant of the defendant so to do."

We do not think the excerpt is open to the construction placed upon it by appellant, but, even so, when taken and considered with the whole charge, which we must do, it was free from error.

▪ In line with the foregoing opinion and the authorities cited charges 7 and 8 requested by defendant were properly refused.

▪ Defendant's refused charge 15 pretermits a consideration of the wanton count in the complaint, and for that reason is bad. Of course, if defendant's locomotive had occupied the crossing for such length of time be-

fore the approach of plaintiff's car, as to come within the vision of plaintiff at a distance from the crossing sufficient for plaintiff to have stopped before striking defendant's engine, the defendant would have been entitled to the affirmative charge on the wanton count. But as to this phase of the case the facts made it a jury question.

In view of the reversal of this judgment on other grounds, it becomes unnecessary to pass upon other questions presented by the record. For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.