(122 So. 184)

## LOUISVILLE & N. R. CO. v. SCOTT.
### (6 Div. 497.)

Court of Appeals of Alabama. April 9, 1929.

Rehearing Denied April 30, 1929.

Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

SAMFORD, J. The cause was tried on two counts, one charging subsequent negligence, and the other wanton negligence, and issue was joined on a plea in short by consent, as to each count, with leave to give in evidence any matter of defense, etc.

The first proposition in appellant's brief is that the defendant should have been given the general charge as to the count claiming for subsequent negligence.

We recognize the rule so clearly stated in Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223, that "knowledge of peril, as an essential predicate for guilt of subsequent negligence," is necessary, and that the *knowledge* referred to means *actual* knowledge, but, where there are facts from which the jury may reasonably infer that the defendant's trainmen had such knowledge, it becomes the duty of those in charge of the operation of the train, after discovering the peril of a person on the railway track or in dangerous proximity thereto, to use all means at hand to stop or slow down the train in order to avoid the injury, and whether this was done is a question for the jury. L. & N. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812; Saxon v. Cent. of G. R. Co., 192 Ala. 434, 68 So. 313; A. G. S. R. Co. v. Sanders, 203 Ala. 57, 82 So. 17.

The fact, if it be a fact, that plaintiff went upon the track without having exercised the required caution to stop, look, and listen, would not of itself render plaintiff guilty of a negligence contributory to the injury growing out of the subsequent negligence of defendant. Quoting from an analogous case: "Her [his] negligence would not be the cause of the injury nor contributory thereto, but merely the cause of a condition upon which the negligence of the engineer in failing to use all means in his power to avoid the injury after becoming aware of her [his] peril, operated to and as the sole cause of her [his] death." Memphis & C. R. Co. v. Martin, 131 Ala. 269, 30 So. 827; Central of G. Ry. Co. v. Foshee, 125 Ala. 199, 27 So. 1006. Following the above authorities and many others, this court held, in Central of Ga. Ry. Co. v. Pruden, 21 Ala. App. 281, 107 So. 716, that: "The plea of contributory negligence alleging that plaintiff failed to stop, look, and listen before going onto defendant's track, is no answer to a count charging subsequent negligence."

Goodwyn & Ross, of Bessemer, for appellee.

The rule seems to be as stated by this court in L. & N. R. Co. v. Rush, 22 Ala. App. 195, 114 So. 21: "If the charge of subsequent negligence is sustained, the original and continued contributory negligence of plaintiff is no answer to that feature of the complaint, unless it further appears that plaintiff continued in her negligence which proximately contributed to her injury, after becoming conscious of her danger." Central of G. Ry. Co. v. Pruden, supra; Alabama G. S. Ry. Co. v. McWhorter, 156 Ala. 269, 47 So. 84; Alabama G. S. Ry. Co. v. Smith, 178 Ala. 613–620, 59 So. 464; Boyette v. Bradley, 211 Ala. 370, 100 So. 647. There are no special facts or circumstances which would exempt this case from the rule above stated.

■ The defendant in this case was acquitted of its initial negligence by and on account of the initial contributory negligence of plaintiff. The negligence here complained of, and upon which recovery was had, is negligence of defendant after discovery of plaintiff's peril, as to which a jury question was presented.

We recognize the rule as announced in Harris v. N. C. & St. L. R. Co., 153 Ala. 139, 44 So. 962, 14 L. R. A. (N. S.) 261, and other cases of similar import that: "Where the evidence was uncontradicted that the engineer and the fireman did all within their power to stop the train upon discovering the peril of the child * * * and there being nothing from which the contrary could be inferred, the affirmative charge is properly given for the defendant." But the fault in appellant's contention lies in the fact that, in this case, there are other facts and circumstances from which inferences may be drawn that defendant's servants or employees did not do that thing. Moreover, this accident would not have happened if the defendant's locomotive had been delayed a fraction of a second. So, while the engineer might not have been able to actually bring his train to a stop before reaching the point where plaintiff's car was struck, if prompt action had been taken, the speed of the train might have been so reduced that plaintiff's car would have cleared the danger. Atlantic C. L. R. Co. v. Fannin, 22 Ala. App. 374, 115 So. 850.

The statement that plaintiff was guilty of contributory negligence after he discovered his peril, which proximately contributed to his damage, is not borne out by the facts.

Refused charge 31, being the affirmative charge as to count 2, was properly refused.

■ The appellant contends the plaintiff in approaching the crossing in question had to run uphill, and, according to his own testimony, his automobile stopped when its front wheels reached the first rail of the railroad track; that it was necessary for him to put his brakes on to prevent the car running backward, as the car was on an incline; he held his position for ten or twelve seconds according to his own testimony, when, if he had released the brakes on the automobile, it would have rolled out of danger of the approaching train. So, in view of these facts, the verdict of the jury was contrary to the law as given to the jury in the following written charges:

"F. The Court charges the jury that if you are reasonably satisfied from the evidence in this case that the plaintiff after the discovery of his position of peril on defendant's crossing, could have by the exercise of reasonable care have backed his automobile off of the defendant's track, and that the plaintiff negligently failed to back off, and that this negligence proximately caused the injuries and damages complained of, then you cannot find for the plaintiff under count two.

"G. If you believe from the evidence that plaintiff found himself in peril on defendant's tracks and could by the exercise of due care have extricated himself therefrom, but negligently failed to get out of danger and this last named negligence proximately caused or contributed to cause his own injuries, then you cannot find for the plaintiff under the second count."

The facts as stated in plaintiff's testimony do not bear out the premise as stated by appellant's counsel. The plaintiff's testimony is: "If I had loosened my brakes where I was on the crossing it is not a fact that my car would run back to the bridge without starting my engine, not where I stopped; you can do that before you get up to the track." This question was properly left to the jury, and we will not disturb their finding.

■ Refused charges 24 and 64 are amply covered by charges 59 and 25, given at the request of defendant.

■ Under the facts in this case, defendant's written charges 35 and 48 were properly refused.

Under the evidence in this case, it was the duty of the engineer to keep a diligent lookout at this particular place, and, to say the least of it, these charges were misleading. Western R. of Ala. v. Sistrunk, 85 Ala. 352, 5 So. 79.

Defendant's refused charge 70 was covered by given charge 50 and other charges.

■ Under the facts in this case, the question of wantonness vel non was for the jury. Weatherly v. N., C. & St. L. Ry., 166 Ala. 575, 51 So. 959; L. & N. R. Co. v. Rush, 22 Ala. App. 195, 114 So. 21, and authorities there cited.

Defendant's refused charges 40 and 50 were covered by other written charges.

■ If the defendant was wantonly negligent, damages to be awarded were penal if

the jury should so determine. Charge 9 was properly refused.

The principle of law embraced in defendant's refused charge 18 was covered in the court's oral charge.

The defendant has had what appears from the record to be a fair and impartial trial, free from prejudicial error, and the judgment is affirmed.

Affirmed.